Joe Pinkerton was convicted of the sale of cocaine to an undercover agent of the Alabama Alcoholic Beverage Control Board, and punishment was fixed by the jury at a fine of $25,000.00, to which was added a 15-year term of imprisonment by the trial court.
This is the retrial of a case which was reversed and remanded by this court on November 25, 1980. See Pinkerton v. State,395 So.2d 1080, 1081 (Ala.Crim.App. 1980), cert. denied,395 So.2d 1090 (Ala. 1981).
The facts are fully set out in our prior opinion and no useful purpose would be served by detailing them again.
Only one issue is presented for review, the qualification of the State's expert witness, Alilee Pillman.
Witness Pillman testified that she is a toxicologist, and that she has been employed as director of the Mobile Police Department Crime Laboratory since its inception in October of 1975. She had been previously employed by the State Department of Toxicology and Criminal Investigation for 24 years. She further testified that she had taken numerous chemistry courses and was graduated from the University of South Alabama with a major in Criminal Justice Administration. Witness Pillman also testified that she had been qualified as an expert in toxicology in the Circuit Court of Mobile County more than 100 times.
Based on the above testimony, the trial court qualified Witness Pillman as an expert in toxicology.
Whether a witness is shown to possess the requisite qualifications to be called as an expert is a preliminary question largely within the discretion of the trial court. The criterion for admission of expert testimony is that the witness, by study, practice, experience or observation as to the particular subject, has acquired a knowledge beyond that of an ordinary witness. Meade v. State, 390 So.2d 685
(Ala.Crim.App. 1980), cert. denied, 390 So.2d 693 (Ala. 1980).
Whether a particular witness is an expert is a matter largely within the discretion of the trial court, and this court will not disturb that judgment unless there has been an abuse of that discretion. Johnson v. State, 378 So.2d 1164
(Ala.Crim.App. 1979). *Page 608 
We find no abuse of the trial judge's discretion in allowing witness Pillman to testify as an expert witness.
Accordingly, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.