SAM TAYLOR, Judge.
Appellant, Lewis DeWayne McGee, was convicted of promoting prison contraband in the second degree and was sentenced under the Habitual Felony Offenders Act to 15 years’ additional imprisonment. He appeals on several grounds.
The state’s evidence tended to prove that the appellant was an inmate at the Staton Correctional Facility in Elmore County where he worked at the canning plant. A tower guard, Bernard Shindell, saw appellant and another inmate drive away from the plant on a farm-type tractor and trailer going to the garbage dump about a mile away. As they returned, Mr. Shindell saw the tractor stop about 300 to 350 yards away. He saw the appellant dismount and go around to the rear of the trailer, where he secured some object in his hand, and then return to the tractor carrying the object. Appellant got on, leaned forward, and placed the object somewhere beneath the steering wheel area. Mr. Shindell then called another guard and when the two inmates reentered the canning plant gate on the tractor, they were searched. Nothing was found on the person of either inmate. A search of the tractor turned up a Coca-Cola can lodged between the engine cover and the engine near the steering wheel area. Inside the can was found a plastic bag containing a grass-like substance and some pills of various colors. Allen Adair of the Department of Forensic Sciences testified later that the plant substance was marijuana. He said that some of the pills were Phentermine. The driver of the tractor appeared to take no part in handling the contraband.
I
Appellant first asserts that Adair’s testimony should not have been received because, he contends, there was a failure to prove the chain of custody for the controlled substances. From the record we determine that Officer Lyons, who conducted the search and discovered the substances, took both inmates and the can to his office and called his supervisor. He then turned the can and its contents over to his supervisor, Sergeant Smith. Later, Officer Lyons put the evidence into an envelope and marked it. He identified state’s exhibits 1 and 2 as being that can and its contents. Sergeant Smith testified that he received the can containing the pills and the grass-like material from Officer Lyons and put them in a locker while he did the paper work in connection with the discovery of the contraband. Later, the evidence was bagged by Officer Lyons and taken to the warden’s office. The warden, Mr. Charles Ronald Sutton, testified that he met Sergeant Smith in his office at Staton and received some evidence from him. He put the evidence in his desk, *1350 which he locked and to which he had the only key. Later he turned the evidence over to Mr. Paul Sides. Mr. Sides, an investigator with the Department of Corrections, testified that he went to Staton and received a package containing evidence from Warden Sutton; he took the evidence to his office and put it in his evidence locker. The next day he opened the package and found the cola can and plastic bag, which in turn contained pills and vegetable material. He took the pills and the vegetable matter to the Department of Forensic Sciences. Mr. Allen Adair of the Department of Forensic Sciences testified that after he received them he identified two yellow and two black capsules as Phenter-mine, and the green vegetable material as marijuana. We find no “break” in the chain of custody which would render testimony regarding the evidence inadmissible. The state met its burden of showing a reasonable probability that the evidence had not been altered. See Congo v. State, 409 So.2d 475, (Ala.Cr.App.1981), writ, denied, 412 So.2d 276 (Ala.1982); Williams v. State, 375 So.2d 1257 (Ala.Cr.App.), cert. denied, 375 So.2d 1271 (Ala.1979); Bell v. State, 339 So.2d 96 (Ala.Cr.App.1976). Appellant contends that the state has failed to meet its burden of proof in this respect because several witnesses did not testify that the evidence was in the same or substantially the same condition at one time or another; we find that these witnesses’ testimony was to the same effect and agree with counsel for appellee that failure to use these specific words is not fatal in proving a chain of custody.
II
Appellant contends that the warden of Staton Correctional Facility should not have been allowed to testify that appellant was an inmate there; further, he asserts that the court erred in denying the appellant’s motion for judgment of acquittal on the grounds of failure to prove that the appellant was an inmate. This contention requires a review of the statute alleged to have been violated, § 13A-10-37, Code of Alabama 1975, and the statute regarding means of proof of certain facts, § 14-3-57, Code of Alabama 1975. The indictment charges violation of § 13A-10-37, promoting prison contraband in the second degree. This statute provides that:
“(a) a person is guilty of promoting prison contraband in the second degree if: ... (2) Being a person confined in a detention facility, he intentionally and unlawfully makes, obtains or possesses any narcotic, dangerous drug, or controlled substance as defined in Chapter 2 of Title 20 of this Code....”
More challenging to interpret is § 14-3-57, which provides:
“On the trial of any convict for any offense committed within the penitentiary or other convict prison or convict camp, the fact of confinement in the penitentiary shall be presumptive evidence of a legal conviction and sentence of imprisonment, and copy of the transcript of the conviction and sentence filed with the board of corrections and certified by it to be correct shall be received as evidence of such conviction.”
At first blush, § 14-3-57 seems to contradict itself. The first half of this statute, part of our Code since 1852, says that the fact of confinement in the penitentiary shall be presumptive evidence of a legal conviction and sentence. The second half of the statute then provides that a copy of the transcript of the conviction and sentence shall be receivable as evidence of such conviction. In interpreting this section of the code, we do not have completely satisfactory guidance from the available precedents. We recognize the rule of statutory construction that a statute should be interpreted so as to give meaning to all of its parts, if feasible. We interpret the second half of this one-sentence code provision to authorize the introduction into evidence of a certified copy of the transcript of a conviction and sentence as proof of such conviction. There are some statutes which provide that proof of such a conviction is necessary. The statute prohibiting possession of a pistol after conviction of a violent *1351 felony is an example, as are the escape statutes. Proof of conviction of a felony is in fact an essential element of proof for such offenses.
The first half of the sentence in § 14-3-57 addresses a different subject. It provides a means for proving a legal conviction and sentence without the introduction of a certified copy of same and it creates a rebuttable presumption of a legal conviction and sentence upon proof of confinement. For a person to be guilty of promoting prison contraband, it must be proved that the accused is “a person confined in a detention facility.” We hold, and intend this case to be authority for the proposition, that the first portion of the compound sentence of § 14-3-57 permits proof by any lawful evidence that a person is confined in a penitentiary. Once this fact is proved then the presumption of a legal conviction and sentence necessarily arises. The statute limits the use of the presumption to the trial of a convict for an offense committed within the penitentiary, or other convict prison or convict camp.
Applying this ruling to the instant case, we find that the court did not err in permitting Warden Sutton to testify that the appellant was one of the inmates incarcerated in this prison. Neither did the state fail to prove that element of its case. The motion for judgment of acquittal was properly denied.
Ill
Appellant was serving a sentence after having been convicted of two robberies, a forgery and an assault with intent to murder. He contends that it was necessary to prove these prior convictions in order to make out a prima facie case. He then reasons that it should be improper to use these same prior convictions to enhance his punishment under the Habitual Felony Offenders Act, § 13A-5-9, Code of Alabama 1975. Appellant cites, as authority for this contention, the case of Wigley v. State, [Ms. 8 Div. 685, November 23, 1982] (Ala.Cr.App.1982). In that case this court held that use of a prior felony conviction was an element of the offense of possessing a pistol after having been convicted of a crime of violence. Here again a distinction must be made. Proof of a prior conviction is not an element of the offense of promoting prison contraband. It is only necessary that the state prove that the accused is a person confined in a detention facility. This being true, the appellant’s prior convictions may be employed to enhance the possible range of his sentence.
IV
Appellant contends that the trial court erred in permitting Warden Sutton to testify that the Staton Canning Plant was a part of the prison system; he alleges that such testimony invaded the province of the jury. Witness Sutton, who had responsibility for the overall administration of Staton Correctional Facility, was asked, “Now, is the canning plant out there — is that a part of the prison?” He replied, “Yes, sir. It is part of the prison system.”
Since it was the jury’s duty to decide whether the canning plant constituted a detention facility, no error was committed.
V
Appellant next contends that the trial court erred in failing to give a charge that the jury had to acquit the appellant if they found that he possessed the substances while outside the detention facility but not while confined within the detention facility. The language of § 13A-10-37(a)(2) does not limit the offense to possession within the walls of a prison. The statute provides that the offense if committed whenever a person who is confined to a detention facility comes into possession of a drug. We recognize that inmates exit the prison walls for various purposes every day. Conveying garbage, as was done in this case, is an example. It is the status of the accused as a confined person, not the location where he possessed the drugs, that is an element of the of *1352 fense. The court did not err in refusing appellant’s incorrect charge; the charge misstates the law. We observe from the record that the appellant was in fact in possession of the drugs after the tractor entered the canning plant gates.
VI
Appellant contends the court erred in refusing to charge that the fact that the appellant was an inmate at the time of trial was not evidence of his guilt. We find that the substance of this charge was adequately covered by the trial court’s oral charge. The court’s charge regarding the presumption of innocence, regarding the requirement placed on the state to prove each element beyond a reasonable doubt, and regarding the requirement placed on the jury to decide the case based on the evidence and not upon any prejudice, taken together, rendered the requested charge redundant.
VII
Appellant contends that the court erred in denying the motion to exclude Allen Adair’s identification of two yellow capsules as Phentermine, contending that Adair had not established the accuracy of the test he used. Adair later testified that the marquis test and the infrared spectrophotometry test are accurate and conclusive. He also testified in the absence of a timely objection that the two black capsules also contained Phentermine. He again testified to this on cross-examination. We find that no prejudice accrued to the appellant by virtue of the admission of Adair's testimony the first time, since the presence of the controlled substances and the accuracy of the tests were later established by him at trial without objection.
VIII
Appellant contends that the indictment did not adequately inform him of the charge against him because “Phentermine” was misspelled in the indictment as “phet-ermine.” Our Supreme Court in McKessick v. State, 291 Ala. 564, 284 So.2d 516 (1973), has held that a defect such as the misspelling of the name of a drug does not affect the rights of a defendant and does not mislead him as to the charge he faces. Thus, we find no merit in appellant’s contention.
Based on the foregoing, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.