453 So.2d 1072 (1984)
Sidney Michael WADE
v.
STATE.
1 Div. 604.
Court of Criminal Appeals of Alabama.
March 20, 1984.
Rehearing Denied April 24, 1984.
Certiorari Denied July 13, 1984.
*1073 Linda S. Perry and Lawrence J. Hallett, Jr., Mobile, for appellant.
Charles A. Graddick, Atty. Gen. and Richard L. Owens, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 83-801.
TAYLOR, Judge.
Sidney Michael Wade was convicted of sodomy in the first degree and was sentenced to life imprisonment in the penitentiary. He appeals on several grounds.
The state's evidence tended to show that appellant was acquainted with the mother of the 12-year-old victim in this case. Appellant told the child, who was eating at the Taco King in Mobile, that he wanted her to go with him to his apartment so that he could change his wet clothes. He assured her that he had secured her mother's approval for her to go with him.
The alleged victim testified that Wade pulled off into a wooded area off U.S. Highway 90, where he offered her a marijuana cigarette. He then began repeatedly asking her to make love to him, which she refused to do. She became frightened and began crying. The appellant then said, "Well, we'll have to do it my way." He grabbed her legs, pulled down her pants and removed them, after pressing down on her throat and neck area with his arm. While holding her down with one arm, he attempted to insert his penis into her vagina but was unsuccessful. In the course of his attempts, his penis "fell down" to her anus. After his attempts at effecting intercourse failed, he began to kiss her pubic region. He again tried to have intercourse and was unsuccessful. Throughout all of this, the child testified, she resisted him by pushing, clawing and biting. She testified that she believed that he had ejaculated because her panties were wet and sticky. Swabs taken from inside the vagina proved negative, but swabs from the general vaginal area were slightly positive for the presence of semen. The crotch area of the panties tested very strongly of semen. Her fingernail scrapings showed the presence of type O tissue. The semen stains tested blood type O. Both the victim and the appellant had type O blood. A medical examination hours after the incident revealed an abrasion between the vaginal opening and the rectum.

I
Appellant first argues that penetration is an essential element of sodomy in the first degree and that the court erred in refusing a directed verdict in his favor since the state did not prove penetration. We disagree. Sodomy in the first degree, per § 13A-6-63(a)(1) is defined as follows:
"(a) A person commits the crime of sodomy in the first degree if:
(1) He engages in deviate sexual intercourse with another person by forcible compulsion; ..."
"Deviate sexual intercourse" is defined by § 13A-6-60(2), Code of Alabama 1975, as "Any act of sexual gratification between persons not married to each other, involving the sex organs of one person and the mouth or anus of another." Penetration is not an element of sodomy under this law. Cases such as Tarrant v. State, 12 Ala. App. 172, 67 So. 626 (1915), refer to an earlier statute which did require penetration.
The court correctly refused to instruct the jury that penetration was an element of the crime of sodomy in the first degree.

II
Appellant next contends that he was subjected to double jeopardy by being prosecuted for sodomy in the first degree, since he earlier had been tried for first degree rape arising out of this same occurrence. First degree rape and first degree sodomy are separate and distinct crimes. They require the proof of different elements. Our Supreme Court stated in Racine v. State, 291 Ala. 684, 286 So.2d 896 (1973):
"A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. And this is true even if both cases are *1074 founded on the same facts but the crimes charged were not the same in law."
To the same effect are Brown v. State, 367 So.2d 557 (Ala.Cr.App.1979), cert. denied, 367 So.2d 559 (Ala.1979), and Hughes v. State, 385 So.2d 1015 (Ala.Cr.App. 1980). In addition, neither of these offenses is a lesser included offense of the other. We further find that the doctrine of collateral estoppel has no application in this case.

III
Appellant finally contends that the court erred in permitting the director of the Mobile State Toxicology Lab to testify as an expert. This official testified to her credentials; she testified that she had been recognized as an expert witness in Alabama state courts at least five times. She was closely examined at great length on voir dire. The court's decision to permit the witness to testify as an expert is discretionary. We find no abuse of discretion and hold that the court did not err in accepting the director of the toxicology laboratory as an expert. See Pinkerton v. State, 417 So.2d 606 (Ala.Cr.App.1982); Gullatt v. State, 409 So.2d 466 (Ala.Cr. App.1981); Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.), writ quashed, 378 So.2d 1173 (Ala.1979); and Merriweather v. State, 364 So.2d 374 (Ala.Cr.App.), writ denied, 364 So.2d 377 (Ala.1978).
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.