The appellant was indicted for first degree robbery in violation of § 13A-8-41, Code of Alabama 1975. He was subsequently found guilty and sentenced as a habitual offender to life imprisonment.
On November 16, 1984, Cynthia Barber was shopping for groceries with her three-year-old son at a Winn-Dixie store in Huntsville, Alabama. Mrs. Barber was waiting in the check-out line when she noticed a black man with a moustache standing beside her. She testified that the man was wearing a green jacket and had on a black hat with a "Playboy bunny" emblem on the front. After paying for the groceries, Mrs. Barber and her son left the store and walked to her automobile. As she was unlocking her car door she felt a knife pressed to the back of her neck and heard someone say, "Give me your purse or I will kill you." She turned around and saw that the assailant was the black man who had been standing beside her in the grocery store. The man held a knife to her son's face and again threatened to kill them unless Mrs. Barber gave him her purse. The man then grabbed her purse and ran down the street. The Huntsville police were called and arrived shortly thereafter. Mrs. Barber gave them a detailed description of the robber. Mrs. Barber also told police that the knife used by the man had a white bone handle and that the tip of the blade was broken. After questioning several people in the vicinity about the robbery, the police learned that the appellant had been seen earlier that evening wearing a green jacket and a black "Playboy hat." Acting upon this information, the police went to a nearby house where the appellant was living and arrested him for the robbery. In the appellant's pocket they found a knife fitting the description given by Mrs. Barber. The appellant was handcuffed and taken back to the grocery store for a show up identification by Mrs. Barber. At this *Page 801 
show-up, which occurred approximately two hours after the robbery, Mrs. Barber identified the appellant as the man who had robbed her.
The only issue raised by appellant on appeal is whether the show-up conducted by the police was unduly suggestive. "In determining the constitutional adequacy of pretrial identification, the central question is whether, under the totality of the circumstances, the identification was reliable."Brazell v. State, 369 So.2d 25, 28 (Ala.Cr.App. 1978). One man show-ups are, by their very nature, suggestive. Weatherford v.State, 369 So.2d 863 (Ala.Cr.App. 1979), cert. denied,369 So.2d 873 (Ala. 1979). However, this does not necessarily mean that show-ups are unduly suggestive. Cooley v. State, 439 So.2d 193
(Ala.Cr.App. 1983). Alabama case law has consistently recognized that one man show-ups are an important part of efficient police work and generally show how well the police do their job. Conducted as soon as possible after the commission of the crime, they are a reliable, accurate, and constitutionally acceptable identification procedure. Hobbs v. State, 401 So.2d 276
(Ala.Cr.App. 1981); Carter v. State, 401 So.2d 276 (Ala.Cr.App. 1976); Robinson v. State, 55 Ala. App. 658, 318 So.2d 354
(Ala.Cr.App. 1975); see also, Bates v. United States, 132 U.S.App.D.C. 36, 405 F.2d 1104 (1968). An identification deprives the accused of due process of law only where the procedure used is so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmonsv. United States, 390 U.S. 377, 88 S.Ct. 967, 971,19 L.Ed.2d 1247, 1253 (1968). Factors which should be considered in determining whether there is a substantial likelihood of irreparable misidentification include "the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v.Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401,411 (1972). In the present case, the show-up was conducted only two hours after the robbery occurred. The victim, Mrs. Barber, had an ample opportunity to observe the robbery. She saw him for several minutes, and in a well-lighted environment. Her description of the robber, which she gave to police prior to the show-up, closely fit the appellant. Also, the record indicates no hesitation on the part of Mrs. Barber in identifying the appellant as the man who robbed her. After examining the totality of the circumstances, we find the evidence overwhelming that the show-up was not unduly suggestive.
We affirm the judgment of the circuit court.
AFFIRMED.
All the Judges concur.