In two separate indictments, Tony Fountain was charged with the offenses of rape in the first degree in violation of §13A-6-61, Code of Alabama 1975, and kidnapping in the second degree in violation of § 13A-6-44, Code of Alabama 1975. The cases were consolidated for trial, and the jury found Fountain guilty as charged in the indictments. The trial court sentenced Fountain to 40 years' imprisonment on the first degree rape charge and 30 years' imprisonment on the second degree kidnapping charge, with the sentences to run consecutively. Fountain filed a notice of appeal of these convictions, and after the record was filed, Fountain filed a motion to supplement and correct the record because the original sentencing hearing was omitted. The trial court held a hearing on Fountain's motion and modified the record and resentenced Fountain to 40 years' imprisonment on the first degree rape charge and 20 years' imprisonment on the second degree kidnapping charge. Seven issues are raised on appeal.
 I
Fountain contends that the indictments, which misspelled the victim's first name as "Vanice" instead of "Venice," constituted a material variance requiring that his motion for acquittal be granted. This is a meritless contention.
The function of an indictment is to inform the accused of the crime with which he is charged so that he may prepare a defense if one is available. Ex parte Washington, 448 So.2d 404
(Ala. 1984). Even where an indictment contains a misspelled word, the indictment is proper if it adequately informs the defendant of the *Page 279 
charge against him. McGee v. State, 452 So.2d 1347
(Ala.Cr.App. 1983), cert. denied, 452 So.2d 1347 (Ala. 1984).
In the case sub judice, the indictments clearly informed Fountain of the charges against him and identified the person whom he had allegedly kidnapped and raped. The clerical error in spelling the victim's first name as "Vanice" instead of "Venice" was therefore not a material variance warranting his acquittal on the rape and kidnapping charges.
 II
Fountain contends that the trial court erred in refusing to permit defense counsel to define the presumption of innocence and the concept of forcible compulsion during closing argument:
 "The jury is required to receive its understanding of the law from the trial court. Jones v. State, 33 Ala. App. 451, 34 So.2d 483
(1948). The trial court correctly refused to allow Investigator McCollum to recite 'how the law in Alabama reads' as to the offense of harassment. The law which applies to the case is not a matter of evidence to be proved by witnesses. The trial court instructs the jury as to what the law is and how it applies."
Jenkins v. State, 482 So.2d 1315, 1316 (Ala.Cr.App. 1985), cert. denied, 482 So.2d 1315 (Ala. 1986).
Because the trial court itself correctly charged the jury on the legal principles applicable to the facts of the case, including the presumption of innocence and the concept of forcible compulsion, the trial court correctly sustained the State's objection to defense counsel's attempt to discuss the law in its closing argument.
 III
Fountain contends that the trial court erred in refusing to give his requested written instruction No. 1 on reasonable doubt in addition to the court's own charge on reasonable doubt.
Fountain's requested written charge No. 1 reads as follows:
 "1. The law presumes a Defendant to be innocent of crime. Thus a Defendant, although accused, begins the trial with a 'clean slate' with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocent alone is sufficent to acquit a Defendant, unless the jurors are satisfied beyond a reasonable doubt of the Defendant's guilt after careful and impartial consideration of all the evidence in the case.
 "It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense — the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, must, therefore, be proof of such a convincing character that a reasonable person should not hesitate to rely and act upon it in the most important of his own affairs.
 "The jury will remember that a Defendant is never to be convicted on mere suspicion or conjecture.
 "The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a Defendant; for the law never imposes upon a Defendant in a criminal case the burden or duty of calling any witness or producing any evidence.
 "So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a Defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions — one of innocence, the other of guilt — the jury should adopt the conclusion of innocence."
Rule 21.1, Alabama Rules of Criminal Procedure, states, in pertinent part:
 "The refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule *Page 280 
of law was substantially and fairly given to the jury in the court's oral charge or in other charges given at the request of the parties. In charging the jury, the judge shall not express his opinion of the evidence. Submission of additional explanatory instructions shall not be required unless requested by the court."
Where a requested charge is substantially covered in the court's oral charge, there is no error in refusing to give the requested charge. McDaniel v. State, 446 So.2d 670
(Ala.Cr.App. 1983), cert. denied, 446 So.2d 670 (Ala. 1984).
Because Fountain's requested charge No. 1 was substantially covered in the trial court's oral charge on the presumption of innocence and the concept of reasonable doubt, the trial court did not err in refusing to give the requested charge.
 IV
Fountain contends that it was error for the court to allow the State to prove that, shortly after Fountain's arrest, he was taken to the victim's house where the victim identified him as the one who had raped and kidnapped her.
"Alabama case law has consistently recognized that one man show-ups are an important part of efficient police work and generally show how well the police do their job. Conducted as soon as possible after the commission of the crime, they are a reliable, accurate, and constitutionally acceptable identification procedure." Allison v. State, 485 So.2d 799, 801
(Ala.Cr.App. 1986).
In the present case, the show-up was conducted only minutes after the rape and kidnapping occurred. The victim had had ample opportunity to observe the rapist, who raped her twice in his car. The victim testified unequivocally that the police did not suggest that Fountain was the perpetrator and that she recognized Fountain's face immediately as the face of the man who had raped and kidnapped her. Therefore, because this on-the-scene identification was not suggestive and because the victim clearly and specifically identified Fountain, the State was properly allowed to show that the victim had identified Fountain shortly after the incident.
 V
Fountain contends that the trial court should not have given him two sentences because the kidnapping charge and the rape charge grew out of the same set of facts. We disagree.
In Wade v. State, 453 So.2d 1072 (Ala.Cr.App.), cert. denied,453 So.2d 1072 (Ala. 1984), this Court held that double jeopardy does not apply where the two crimes require proof of different elements.
In the instant case, Fountain was properly sentenced on both charges since the kidnapping and rape were separate crimes in law and fact. Kidnapping is not a lesser included offense of rape and requires proof of different facts than the rape.Seay v. State, 479 So.2d 1338 (Ala.Cr.App.), cert. denied,479 So.2d 1343 (Ala. 1985); Copeland v. State, 456 So.2d 1150
(Ala.Cr.App. 1984).
 VI
Fountain contends that the trial court erred when it failed to inform defense counsel of the numerical division of the jury when the jury returned several times to seek additional instructions from the court.
There was no on-the-record statement by the jurors as to their numerical division, and the record does not show that there was any objection to any alleged information regarding the division of the jurors. Since Fountain did not make any objections, there is nothing to review on appeal. Bell v.State, 466 So.2d 167 (Ala.Cr.App. 1985).
The record, moreover, does not show that the trial court made any inquiry into the numerical division of the jury and, therefore, Fountain's claim under Showers v. State,407 So.2d 169 (Ala. 1981), is without merit. Even if, arguendo, the court knew of a numerical division, it would have been proper for the court to urge the jury *Page 281 
to reach a verdict, as long as the court did not suggest which way the verdict should be returned. Showers v. State, supra, 407 So.2d at 171.
In response to Fountain's corollary contention, we note that a trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury, and it is assumed that the jury will consider the previously given instructions along with those given in the supplemental charge. Davis v. State, 440 So.2d 1191, 1195 (Ala.Cr.App.), cert. denied, 440 So.2d 1191 (Ala. 1983), cert. denied,465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984).
 VII
Fountain contends that the trial court was without jurisdiction to pronounce judgment and resentence Fountain at the hearing on the motion to supplement the record, held pursuant to Rule 10(f), Alabama Rules of Appellate Procedure.
After the jury found Fountain guilty of the offenses of rape in the first degree and kidnapping in the second degree, the court held a sentencing hearing. At this hearing, the trial court pronounced judgment and sentenced Fountain to 40 years' imprisonment on the rape charge and 30 years' imprisonment on the kidnapping charge, with the two sentences to run consecutively.
Defense counsel then filed a motion for new trial and motion for arrest of judgment and sentence, alleging inter alia, that the trial court erred in sentencing Fountain to a 30-year prison term on the kidnapping charge because 1) the court had previously determined that the habitual felony offender act did not apply to Fountain, and 2) the maximum sentence for the offense of kidnapping in the second degree is 20 years, pursuant to § 13A-5-6(a)(2), Code of Alabama 1975. The trial court failed to rule on these post-trial motions, and by operation of law, the motions were deemed to be denied as of the sixtieth day after the pronouncement of the sentence pursuant to Rule 24.4, Ala.R.Crim.P.
Fountain then filed a notice of appeal of these convictions, and after the record was filed, Fountain filed a motion to supplement and correct the record pursuant to Rule 10(f), A.R.App.P., because the transcript of the original sentencing hearing was omitted from the record certified for appeal. The trial court held a hearing on Fountain's motion to supplement the record, and with the consent of defense counsel, the trial court pronounced judgment in accordance with the jury verdicts. The trial court then asked defense counsel whether he wanted the court to resentence Fountain because the original sentencing hearing did not appear in the record. Defense counsel replied that although he had found the original sentencing record, he had no problem with the court resentencing Fountain at the Rule 10(f) motion hearing.
It is important to note that at the Rule 10(f) motion hearing, the only objection which defense counsel raised was the double jeopardy contention, i.e., that Fountain should receive only one sentence because the rape and kidnapping arose out of the same transaction. The prosecutor pointed out to the trial court that it had inadvertently sentenced Fountain at the original hearing to a term of 30 years' imprisonment on the kidnapping charge when in actuality the offense of kidnapping in the second degree carried a maximum sentence of 20 years.
The trial court then resentenced Fountain to terms of 20 years' imprisonment on the kidnapping charge and 40 years' imprisonment on the rape charge. Defense counsel raised no objection to the corrected sentences. The trial court then granted the motion to supplement the record and directed that a transcript of the Rule 10(f) hearing be included in the record on appeal.
Rule 10(f), of the Alabama Rules of Appellate Procedure, provides as follows:
 "(f) Correction or modification of the record. If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either *Page 282 
party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the appellate court."
A party cannot assume inconsistent positions at trial and on appeal, and a party cannot allege as error proceedings in the trial court that were invited by him or were a natural consequence of his own action. Leverett v. State, 462 So.2d 972
(Ala.Cr.App. 1984), cert. denied, 462 So.2d 972 (Ala. 1985). A defendant cannot invite error by his conduct and later profit by the error. Timmons v. State, 487 So.2d 975 (Ala.Cr.App.), cert. denied, 487 So.2d 975 (Ala. 1986). In recognizing this doctrine as applicable to the case at bar, we hold that because of Fountain's actions at the Rule 10(f) hearing, Fountain is estopped from complaining of any possible resulting error.
We note that although Rule 10(f), A.R.App.P., may not have been the appropriate vehicle to correct Fountain's erroneous 30-year sentence for second degree kidnapping, if no correction had been made, we would have merely remanded the case for the rendition of the appropriate sentence without reversing the judgment. See Ballou v. State, 365 So.2d 352, 354
(Ala.Cr.App. 1978).
We note, moreover, that although neither party raised this issue on appeal, the trial court, at the Rule 10(f) hearing, inadvertently stated that Fountain's 20-year sentence on the kidnapping charge would run consecutively with Fountain's 40-year sentence on the rape charge but that Fountain's 40-year sentence on the rape charge would run concurrently with Fountain's 20-year kidnapping sentence. We, therefore, remand this case solely for the purpose of allowing the trial court to correct the record to reflect whether the sentences are to be consecutive or concurrent.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
REMANDED WITH INSTRUCTIONS.
All Judges concur.