McMILLAN, Judge.
This appeal arises from the circuit court’s granting of the motion to suppress filed by Patsy Bunn. Bunn was indicted for the unlawful possession of methamphetamine. She pleaded not guilty and filed a motion to suppress any and all evidence obtained as the result of a search of her residence. A hearing was held on March 18, 1997, after which the circuit court stated, “I think under the circumstances, I’m going to quash the search warrant. I’m going to continue the case for the term.” On August 19, 1999, the circuit court issued a written order granting Bunn’s motion to suppress, quashing the search warrant in this case, and suppressing any and all evidence seized from Bunn’s residence pursuant to the search warrant. On August 20, 1999, the State filed a pretrial appeal in compliance with Rule 15.7, Ala. R.Crim.P.
The State argues that the circuit court erred in granting the motion to suppress. Officer Roger Larry Dabbs of the Blount County Sheriffs Department testified at the suppression hearing that he requested a search warrant to be issued for the purpose of searching Bunn’s residence for methamphetamine. Officer Dabbs conceded on direct examination that he misspelled the word “methamphetamine” in his affidavit in support of the warrant. On cross-examination he testified that he incorrectly wrote “methana-mines” in the affidavit. He testified that in procuring such warrants he generally makes the magistrate aware of what he is searching for, but that he did not recall the specific conversation in this case. The warrant, which listed the item to be searched as “methenamines,” was procured on April 23,1996.
Judge John J. Dobson testified that, in his capacity as district judge, he issued warrants to law enforcement officers and *77 that his signature was on the search warrant issued to Officer Dabbs. However, like Officer Dabbs, Judge Dobson testified that, although he initially discusses with the requesting officer the information they have and their reasons for requesting a search warrant, he did not recall the specific conversation regarding this warrant. Judge Dobson testified that the word “methamphetamine” was obviously misspelled, but that it was obvious what the warrant requested because requests for search warrants in Blount County were for the search of either marijuana, crack, or methamphetamine.
The circuit court cited Finch v. State, 479 So.2d 1314 (Ala.Cr.App.1985), for the proposition that these type of errors in a search warrant render the warrant invalid and any search made pursuant to such a warrant violates the Fourth Amendment to the United States Constitution. In Finch, the affidavit and the search warrant both listed the residence to be searched as “317 West Watts Street in the City limits of Enterprise, Alabama,” when the actual residence to be searched was “313 West Watts Street.” Id. at 1317. Based upon this discrepancy, this Court reversed Finch’s conviction. Id. at 1321. The circuit court in the present case held the search warrant invalid based on Finch and stated:
“In this case where the only probable cause was based on the sworn testimony as to the presence of a non-existent substance in the location to be searched, there, in fact would be no probable cause to search.”
We find that the search warrant in this case, however, is distinguishable from the warrant held to be invalid in Finch. In fact, this Court in Finch did not hold the search warrant invalid merely because the address of the residence to be searched was incorrect. The Finch court cited Hutto v. State, 50 Ala.App. 636, 282 So.2d 75, 79 (Ala.Cr.App.1973), in which this Court stated:
“[T]he discrepancy in the street address on the face of the building and that appearing in the warrant is not such, standing alone, as to be sufficient to invalidate the warrant.”
The Finch court held the search warrant invalid because of the likely confusion caused by the mistake on the face of the warranN^a reasonable officer without any information other than that on the face of the warrant would be confused as to which address to search. Finch, 479 So.2d at 1318-19. Not only was the incorrect address listed on the warrant, 317 West Watts Street, an actual residence, but it was Finch’s former residence. Id. at 1319.
Unlike Finch, in this case there is no likelihood of confusion in the mistaken spelling of “methamphetamine.” Judge Dobson testified that it was obvious to him what “methanamine” referred to, because requests for search warrants in Blount County were generally limited to marijuana, crack, and methamphetamine. Not only does Bunn fail to name any drug or other item with which “methanamine” could be confused, she even admits that Officer Dabbs intended to search for methamphetamine. A “prudent officer [would be] able to locate the property with reasonable certainty from the face of the affidavit and warrant.” Luster v. State, 433 So.2d 481, 484 (Ala.Cr.App.1983).
The misspelling of methamphetamine in this case did not cause any confusion. This holding is consistent with other cases in which drugs have been misspelled in indictments. In McKessick v. State, 291 Ala. 564, 284 So.2d 516 (Ala.1973), the drug “biphetamine 20” was misspelled in the indictment as “biAphetamine.” The Alabama Supreme Court, holding that the search warrant was valid, stated:
“Before an objection because of false grammar, incorrect spelling, or mere clerical error is entertained, the court should be satisfied of the tendency of the error to mislead.”
Id. at 567, 284 So.2d 516. Also see McGee v. State, 452 So.2d 1347, 1352 (Ala.Cr.App. *78 1983) (misspelling of “phentermine” as “phetermine” in indictment did not mislead defendant as to charge he. was facing).
In this case, the misspelling of the word “methamphetamine” as “methana-mine” in the search warrant did not lead to any confusion as to what items were to be searched. A search warrant, like an indictment, is to be upheld as valid despite errors that do not cause any confusion. See Money v. State, 717 So.2d 38, 45 (Ala.Cr.App.1997). Therefore, we hold that the search warrant in this case was valid and that the circuit court’s granting of Bunn’s motion to suppress was error. This case is remanded to the circuit court so that the prosecution of the defendant may continue.
REVERSED AND REMANDED.
LONG, P.J, and COBB, BASCHAB, and FRY, JJ., concur.