145 So. 162

## STEWART v. STATE.

### 7 Div. 879.

Court of Appeals of Alabama.

June 30, 1932.

Rehearing Denied Nov. 1, 1932.

Merrill, Jones, Whiteside & Allen, of Anniston, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Bibb, Field & Woolf, of Anniston, for the State.

SAMFORD, J.

The defendant was indicted and charged with a violation of section 5411 of the Code of 1923.

The only witness who testified to the act constituting the crime was the girl, Evelyn Naugher. Her statement was to the effect that she knew the defendant, that about 5:30 o'clock on Saturday, January 10th, she was walking home from town, had gotten about halfway when defendant drove up in a Buick car and invited her to ride; that she got in the car and they started towards her home, but instead the defendant drove to the top of Cemetery Hill, stopped the car, turned off the lights, and, over her protest, laid her down on the front seat of the car, got on top of her, and had intercourse with her; that there was penetration but no injury, that when he had finished he drove her back to her home; that she got out and went on home; that both her father and mother were there; that she made no complaint to them; that some three days afterwards she told two of her girl friends about it, but never did tell her mother or father. She further testified that she was 13 years of age.

Without any apparent connection and over objection and exception, the witness was allowed to testify that Mrs. Joe Couey is the same person as Mrs. Ollie Couey, and was the school teacher of the school attended by her girl friends to whom she told the incident. It was relevant for the prosecutrix to testify that the two girls to whom she told of the occurrence were her friends, but as to who and what Mrs. Couey is was entirely irrelevant and inadmissible as evidence.

Upon redirect examination of the prosecutrix she testified that she never told or complained to her mother "about what happened"; that her mother was "not ill or anything of that sort on the night this happened." The solicitor was then permitted, over objection and exception, to ask the witness, "Had any of her people died or anything or anything of that sort?" to which she answered, "Yes." Motion was made to exclude this answer; the motion was overruled, and exception was reserved.

In cases of rape, it has become the settled law of this state, in corroboration of the statement of the assaulted party, testimony that she made complaint of the assault while it was recent is relevant and admissible. Per contra, a failure of the assaulted party to make complaint recently after the occurrence, opportunity offering itself, will cast a suspicion on the bona fides of the charge. Pitts v. State, 19 Ala. App. 564, 99 So. 61. It would

therefore be relevant to prove that the mother of a girl assaulted was not accessible, or not in condition to have complaint made to her, but the fact that some of her people had died was too indefinite and remote to 'be relevant, and its only effect would be to furnish a basis for an argument to the jury, connecting the harassed feelings of a mother with the charge against the defendant.

There is no evidence in the record as to just when the prosecution was begun, and certain it is that there is no evidence of complaint being made at any time, either to her father or mother or to any one else. The fact that she told two of her friends and associates of the occurrence, one three days and the other a week after the happening, falls far short of a complaint as contemplated by the law.

The defense by its witnesses offered evidence tending to prove a perfect alibi, and, in connection with such evidence, requested the court in writing to give this charge: "34. The court charges the jury that if, after considering all the evidence in this case, you have a reasonable doubt as to the presence of the defendant near the scene of the alleged crime, then you should acquit the defendant." This was a good charge and should have been given. Gilbert v. State, 20 Ala. App. 565, 104 So. 45.

Other questions presented will probably not arise on another trial.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.