33 So.2d 396

## SMITHERMAN v. STATE.

### 5 Div. 244.

Court of Appeals of Alabama.

Jan. 13, 1948.

318

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

This appeal followed a conviction in the court below for a violation of Title 8, Sec. 79, Code 1940.

■ The prosecution had its inception in the Justice of the Peace Court. It is contended that there is a fatal variance between the affidavit filed in the primary court and the complaint filed in the circuit court. The latter followed the language of the code section, supra, and the affidavit is:

"Before me M. D. Foshee, N. P. Ex Off J. P. in and for said County, personally appeared Alton Boulware, who being duly sworn, deposes and says, on oath, that within twelve months before making this affidavit in said County one Tom Smitherman did take, catch, capture, or kill, or attempt to take, catch, capture, or kill fish in public fresh waters, in the State of Alabama, Chilton County, by the use of giant powder, dynamite, or other explosive or substance, which did kill fish or render them incapable of self protection, contrary to law and against the peace and dignity of the State of Alabama."

A comparison of the affidavit with the provisions of the statute will suffice to illustrate our view that the position here urged is not well taken. Clonts v. State, 19 Ala.App. 130, 95 So. 562; Waldrop v. State, 32 Ala.App. 496, 27 So.2d 264.

The situation here is in no manner comparable to that in Hayes v. State, Ala.App., 31 So.2d 306,[1] a case recently decided by this court in which the opinion was written by our presiding judge.

The demurrers basing other grounds were properly overruled. Harris v. State, 32 Ala.App. 519, 27 So.2d 794; Dean v. State, 240 Ala. 8, 197 So. 53.

The warrant for the arrest of the appellant is dated February 29, 1944. Over timely objections of defendant's counsel, the trial court allowed the State to exhibit in evidence "Application for Vendor's, Purchaser's, or Foreman's License for Explosives or the Ingredients Thereof." Proof was made by the Circuit Court Clerk of Chilton County that on June 25, 1942, the appellant made application to him as indicated just above.

The evidence discloses that the complaining crime was committed a few days prior to the issuing date of the warrant. It will be observed, therefore, that twenty months intervened between the date on which application was made for privilege to purchase explosives and the day of the alleged offense.

The document of instant concern may be aptly classed as evidence relating to "preparations and preceding circumstances." Its admissibility cannot be denied nor controverted unless because of the remoteness of time its immateriality is apparent.

■ "Generally, evidence of the conduct of accused *shortly* before the offense which is inconsistent with his innocence is relevant and admissible. Thus evidence of preparation by accused for the commission of the crime charged is relevant and admissible." (Emphasis ours.) 22 C.J.S., Criminal Law, § 606.

We are faced squarely with the task of determining whether or not the exhibit in question related to a transaction too far removed in point of time to the main event to be material and admissible in the case at bar.

■ Ordinarily, remoteness of time affects the weight and probative value of evidence rather than its admissibility. It rests largely in the enlightened discretion of the court whether or not such proof will be allowed. Remoteness has regard also to factors and considerations other

---

[1] Ante, p. 178.

than mere lapse of time. It results, therefore, that it is practically impossible and not at all accurate to attempt to state a fixed rule or standard with particular reference to the time element. Of course it can be said with certainty that the tendered evidence must not be so remote in point of time as to be without causal connection· or logical relation to the main event. Notwithstanding evidence may be logically relevant, its admissibility does not follow unless it has some probative value to the inquiry of instant concern.

The late Justice Thomas of the Supreme Court stated the following rule in Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216, 217: "As a general rule, facts are deemed relevant which logically tend to prove or disprove the fact in issue, or which afford a reasonable inference or shed light upon the matter contested; and facts bearing so remotely upon or collaterally to the issue that they afford merely conjectural inference concerning the facts in issue should not be admitted in evidence." See also Martin v. State, 16 Ala. App. 406, 78 So. 322; Barnes v. State, 31 Ala.App. 187, 14 So.2d 242; Taylor v. State, 31 Ala.App. 590, 20 So.2d 239.

We are led to the considered conclusion that the trial court in the instant case went beyond the confines of his discretionary power in admitting the document in question. We must, therefore, charge error.

The fact that the accused testified that he made application to enable him to purchase dynamite for use in digging a well did not destroy nor counterbalance the harmful effects incident to the introduction of the exhibit. We cannot apply Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

In our view, refused charges 6 and 5 C should have been given as requested by the defendant. The evidence makes it convincingly clear that, unless the accused was actually present at the place and at the time it is claimed the offense was committed, he could not be guilty as charged. His defense was an alibi, and he introduced much evidence in support thereof. He was due to have the jury instructed in the terms of these charges. Gilbert v. State, 20 Ala. App. 565, 104 So. 45; Stewart v. State, 25 Ala.App. 266, 145 So. 162; Roberson v. State, 25 Ala.App. 270, 144 So. 371.

The disallowance of similar charges has been approved by our appellate courts, but in each case where we have found this to be true account was taken of the doctrine of conspiracy, and it was there declared that the actual presence of the defendant at the scene of the crime was not required. This, of course, was based on the evidence then under review. Saulsberry v. State, 178 Ala. 16, 59 So. 476; Rigsby v. State, 152 Ala. 9, 44 So. 608.

The other charges refused to appellant were either faulty or covered by other written instructions or the oral charge of the court.

The questions we have omitted to treat will not likely recur on another trial.

For errors indicated it is ordered that the judgment of the nisi prius court be reversed and the cause remanded.

Reversed and remanded.