74 So.2d 619

### Elizabeth PERRY

v.

### STATE.

### 6 Div. 830.

Court of Appeals of Alabama.

Sept. 3, 1954.

Reuben L. Newton, Jasper, for appellant.

Si Garrett, Atty. Gen., for the State.

CARR, Presiding Judge.

This is an appeal from a judgment of conviction for a violation of the prohibition law.

According to the State's evidence, an undercover man and a stranger to the accused bought a pint of liquor from her at her home in Walker County.

The defendant denied that she made the sale and claimed she was in Birmingham at the time. She introduced several witnesses whose testimony substantiated the claim.

■ Under the evidence the court properly refused the general affirmative charge requested by the defendant.

We should not disturb the ruling of the trial judge in denying the motion for a new trial.

Several other written instructions tendered by the appellant were refused. Among them was charge numbered 8:

"I charge you, Gentlemen, that the legal presumption of innocence is to be regard-

ed by the jury, in every case, as a matter of evidence, to the benefit of which the accused is entitled, and, as a matter of evidence it attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt."

██ After diligent search we find that this identical charge has been reviewed by our appellate courts in the following cases: Bryant v. State, 116 Ala. 445, 23 So. 40; Amos v. State, 123 Ala. 50, 26 So. 524; Harris v. State, 123 Ala. 69, 26 So. 515; Diamond v. State, 15 Ala.App. 33, 72 So. 558; Brown v. State, 33 Ala.App. 97, 31 So.2d 670.

In each of the above cases the charge was approved as stating a correct proposition of law.

The presiding judge did not cover this age-old principle in any given charge or in his oral charge. The other refused instructions were substantially covered.

Several other questions are presented for our review. We do not find any merit in any of them, and we see no need to discuss them.

For error in refusing charge numbered 8, the judgment below is ordered reversed and the cause remanded.

Reversed and remanded.