307 So.2d 57

Jerome SMITH

v.

STATE.

6 Div. 690.

Court of Criminal Appeals of Alabama.

Jan. 21, 1975.

James H. Hard, IV, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was convicted of robbery and his punishment fixed at imprisonment in the penitentiary for ten years.

**250**

Appellant contends that the court erred in refusing requested written charge number 9, as follows:

"The possibility of human error or mistake, and the probable likeness or similarity of objects and persons are elements that you must act upon in considering testimony as to identity. You must carefully consider these factors passing upon the credibility that you attach to the witness's testimony, and you must be satisfied beyond a reasonable doubt as to the accuracy of the witness's identification of the defendant."

■ We have carefully reviewed the oral charge of the court with regard to the principles of law set out in said charge number 9 along with given charge number 2, and have reached the conclusion that even though charge number 9 may be considered a correct statement of law, the rules of law set out therein were fairly and substantially covered in the oral charge and said given charge number 2.

Under Title 7, Section 273, Code of Alabama, 1940, Recompiled 1958, the court will not be put in error for refusing a charge when the principles enunciated therein have been fairly and substantially covered in the given oral charge or the written charges requested by appellant.

■ The next contention argued by appellant in brief is that the court was in error in its action as reflected by the direct examination by the district attorney of the attorney representing the appellant, as a witness called by the district attorney, which is set out in the record as follows:

"Q (By Mr. Pickard) Mr. Hard, you are an attorney licensed to practice law in the State of Alabama?

A Yes, sir, I am.

Q And you represent the defendant in this case, Jerome Smith?

A Yes, sir, I do.

Q Are you the person who requested his Honor to call a recess approximately twenty five minutes ago in this case?

A Yes, sir, I am.

Q Was that for the purpose of trying to verify if there was a shotgun in the file over at the City Hall that was the shotgun testified to by Jerome Smith?

MR. HARD: Your Honor, I would object to that question as to the purpose for the request on time for a continuance.

THE COURT: Sustained.

Q You did call a recess?

A Yes, sir, I did. I requested a recess and it was granted.

Q Did you make one or more phone calls to the City Hall?

MR. HARD: Your Honor, I would invoke the attorney-client privilege at this time.

THE COURT: I will grant it. However, it can be invoked by the defendant and I presume he does invoke it.

MR. PICKARD: I have no further questions, Your Honor.

(WITNESS EXCUSED)"

To begin with, we are of the opinion that the information sought to be elicited from the appellant's attorney was inadmissible, but as shown by the record, the objection made by the attorney for appellant was sustained by the court and the appellant's attorney was allowed to invoke the lawyer-client privilege. There is no adverse ruling for the court to review.

■ In addition we are not convinced that the mere asking of the question objected to by the attorney for the appellant, which objection was sustained, in the pres-

ence of the jury, was so prejudicial as to cause grave injury to the substantial rights of appellant and thereby warrant a reversal. Supreme Court Rule 45.

We distinguish the facts in the case of Renfroe v. State, 49 Ala.App. 713, 275 So. 2d 692, from the facts in the case at bar. In *Renfroe,* supra, prejudicial statements were made as facts by the assistant district attorney in the presence of the jury. No case has been cited in point with the instant case nor have we been able to locate a case on "all fours" on this question. We do note that this question is generally discussed and several cases of interest set out in Alabama Digest, Criminal Law, Volume 7, ☞1171.8(1) and also Alabama Digest, Criminal Law, Volume 6A, ☞706(3). But as we understand the cases cited in the above authorities, we find none which would serve as authority for reversal of the trial court for its action in the instant case.

No motion to exclude the testimony was made nor was the affirmative charge requested. However, even though this question is not presented for review, we observe the testimony was ample to sustain the verdict.

We have read the fairly lengthy record in this case, including the given and refused charges of the court, and nowhere in the rulings of the court have we found reversible error. The case is due to be and is, hereby, affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.