Kidnapping; sentence: ten years imprisonment. Title 14, § 6, Code of Ala. 1940 [now § 13-1-23, Code of Ala. 1975].
The appellant contends the trial court committed reversible error in refusing to give his Requested Charge No. 24 which is as follows:
 "The Court charges the jury that if, after considering all the evidence in this case, there is a reasonable doubt as to the presence of the Defendant near the scene of the alleged crime, then you should not convict the Defendant."
The substance of the above charge has been approved inStewart v. State, 25 Ala. App. 266, 145 So. 162 (1932), cert. denied, 266 Ala. 15, 145 So. 160, and Gilbert v. State,20 Ala. App. 565, 104 So. 45 (1925). Also see: Smitherman v. State,33 Ala. App. 316, 33 So.2d 396 (1948).
The appellant testified that he was somewhere else, not at or near the scene of the crime and that he did not commit the offense. Thus, his defense was that of alibi. The State's evidence, however, pointed directly to the defendant as the offender placing him at the scene of the crime. Therefore, the presence of the defendant at the scene, vel non, was a litigated issue.
In determining whether a requested charge should be given, the question is not whether the court believes the evidence supporting the charge, "but simply whether such evidence was presented." Hunter v. State, 295 Ala. 180, 325 So.2d 921
(1976).
The trial judge may have had reason to disbelieve the appellant's version of the facts, however, he did not have legal cause to withhold that version of the facts from the jury's consideration.
In Burns v. State, 229 Ala. 68, 155 So. 561 (1934), our Supreme Court held in part as follows:
 "Our decisions are to the effect that every prisoner at the bar is entitled to have charges given, which without being misleading, correctly stated the law of his case, and are supported by any evidence, however weak, insufficient, or doubtful in credibility. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96. And in Morris v. State (Ala.Sup.), 39 So. 608, 611, it is said: `It matters not how slight the tendency of evidence may be towards establishing any material fact involved, the court cannot exclude it from the jury. Its weight is for their determination. . . .'" (Emphasis supplied.)
Likewise, in Chavers v. State, Ala., 361 So.2d 1106 (1978), the Alabama Supreme Court stated:
 ". . . [O]ur decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however, weak, insufficient, or doubtful in credibility. . . ."
The requested charge was not covered in the court's oral charge or in any of the appellant's given charges. As refusal of the above charge mandates a retrial, it is unnecessary to go into the other issues raised by the appellant, i.e. that a juror was sleeping during part of the trial and that a part of the trial court's oral charge lessened the burden on the State to prove its case. Those two issues are highly unlikely to arise on a second trial.
REVERSED AND REMANDED.
All the Judges concur. *Page 353