The defendant was indicted and convicted for first degree burglary and sentenced to thirty years' imprisonment. The major issue presented on appeal is the failure of the trial judge to give ten of the fifteen written charges requested by the defendant.
Neither at trial nor on appeal has the defendant challenged the sufficiency of the evidence to support his conviction. Under the issues, a statement of the facts constituting the crime for which the defendant stands convicted is unnecessary to this opinion.
 I
The trial judge refused all of the fifteen written charges requested by the *Page 1014 
defendant. Requested charge number 4 was:
 "The Court charges the Jury that the legal presumption of innocence is to be regarded by the Jury, in every case, as a matter of evidence, to the benefit of which the accused is entitled, and, as a matter of evidence it attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt."
This is a correct statement of law and a defendant is entitled to have the jury charged to that effect.
 "There is no question but that the legal presumption of innocence is evidence in behalf of the defendant and he is entitled to have the jury charged to that effect. Gordon v. State, 268 Ala. 517, 110 So.2d 334; Amos v. State, 123 Ala. 50, 26 So. 524; Harris v. State, 123 Ala. 69, 26 So. 515; Bryant v. State, 116 Ala. 445, 23 So. 40; Newsom v. State, 107 Ala. 133, 18 So. 206; Perry v. State, 37 Ala. App. 683, 74 So.2d 619."
 Guenther v. State, 282 Ala. 620, 625, 213 So.2d 679, 683 (1968).
The refusal of this requested charge is error and requires a reversal where it is not fairly and substantially covered in the court's oral charge. Wilson v. State, 243 Ala. 1, 21,8 So.2d 422 (1942); Brown v. State, 33 Ala. App. 97, 104,31 So.2d 670 (1946); Salter v. State, 22 Ala. App. 86, 88, 112 So.2d 538
(1927); Diamond v. State, 15 Ala. App. 33, 39, 72 So. 558
(1916). The only exception to this rule is where the evidence is not conflicting and the general affirmative charge is given in the State's favor.[1] Bertrand v. State, 46 Ala. App. 631,247 So.2d 386 (1971). Here, the evidence was conflicting and the affirmative charge was not given. Here also, the "generality of the oral charge . . . was not sufficient to cover the principle, `as a matter of evidence'", in the refused charge.Denson v. State, 50 Ala. App. 409, 412, 279 So.2d 580, 583
(1973). Consequently, the refusal of requested charge number 4 was error.
 II
Defendant's requested charge number 14 was also refused.
 "The Court charges the Jury that at no time under the pleadings in this case does the burden of proof shift from the State, notwithstanding the defense of alibi, to satisfy the Jury from the evidence beyond a reasonable doubt that the Defendant is guilty, and if, upon all the evidence, the Jury has a reasonable doubt of the Defendant's guilt, they must acquit him."
The defense in this case was alibi. This charge asserts a correct proposition of law and was not fairly and substantially covered in the court's oral charge. Therefore its refusal constitutes reversible error. Price v. State, 20 Ala. App. 201,204, 101 So. 300 (1924); Caraway v. State, 18 Ala. App. 547,548, 93 So. 376 (1922).
Requested charge number 15 was also refused.
 "The Court charges the Jury that the Defendant sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it, and if by reason of the evidence in relation to such alibi, when considered with all other evidence, the Jury entertains a reasonable doubt as to Defendant's guilt, he should be acquitted, although you may not be able to find that the alibi has been fully proven."
The refusal of this charge was also error for the same reason as the refusal of requested charge 14. Caraway, supra.
 III
A requested identification instruction which deals realistically with the shortcomings and trouble spots of the identification process should be given where the principle has not been covered by the court's oral charge. United States v.Telfaire, 152 U.S.App.D.C. 146, 469 F.2d 552 (D.C. Cir. 1972);Smith v. State, 54 Ala. App. 248, 250, 307 So.2d 57 (1975). *Page 1015 
The legal principle which governs our decision in this case is clear. It is a basic and fundamental standard of criminal procedure.
 ". . . (O)ur decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of this case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility. . . ."
Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978).
See also Traweek v. State, Ala., 380 So.2d 958, (1979).
 IV
On appeal, the defendant has submitted the affidavit of a juror alleging misconduct by several of the jurors. There was no motion for a new trial and this matter was never presented to the trial court. It cannot be considered as part of the record upon which this Court must base its decision. Tyus v.State, 347 So.2d 1377, 1380 (Ala.Cr.App.), cert. denied,347 So.2d 1384 (Ala. 1977).
This case is reversed and remanded for the failure of the trial judge to give the defendant's written requested instructions indicated in this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] "The court charges the jury if you believe the evidence in this case beyond a reasonable doubt, you must convict this defendant." Bertrand, 46 Ala. App. at 631, 247 So.2d at 387.