Bobby Dancy, Jr. was convicted of murder and sentenced to life imprisonment. He assigns two errors on appeal.
On January 3, 1978, appellant paid for and received a gun from Mack's Bait Shop in Tuscaloosa. He entered the showroom of the Bill DeLoach Lincoln-Mercury Agency in Tuscaloosa that day at about 5:30 p.m. where several men were standing watching the 5:30 TV news. He fired his newly acquired weapon, striking Ned Whiting, a salesman with the company, in the forehead. The injury proved immediately fatal. The appellant was arrested within a short time after the shooting. One of the men in the showroom had followed the appellant at a distance until he was able to flag a police patrol car. The defense was "not guilty" and "not guilty by reason of insanity."
 I
The appellant contends that the trial court erred to reversal when it admitted into evidence the appellant's written request to talk with his lawyer. After having been read his Miranda
rights, the appellant while in the police car made a spontaneous statement, "You all just go ahead and shoot me; I know you all are going to kill me for what I done." The contention of the appellant's counsel at trial was that the appellant was in a mental condition which made it unlikely that he would be able to understand his right to remain silent. Three psychiatrists were called as witnesses by the defense to testify to this effect, although one of them appeared to back off from his testimony to some degree. The fact that the appellant wrote on a piece of paper "I want to talk to my lawyer," and signed it "Bobby Dancy," was devastating to the conclusions of the psychiatrists and to this theory of defense.
The theory of the appellant is that the statement, "I want to talk to my lawyer," should be interpreted by us as a statement by him, "I want to remain silent." Following such proposed change in facts, appellant then contends that permitting the piece of writing into evidence amounted to a comment upon his invocation of his constitutional rights. That is to say, appellant seeks to have us interpret this exercise of the right to counsel to be the exercise of another and different right, the right to remain silent. The court instructed the jury that the evidence could be considered solely on the issue of whether the appellant's mental state on the night of the murder was such that he could or could not understand his constitutional rights. We find that the events described herein did not violate the constitutional rights of the appellant and that the court did not err in admitting such testimony.
 II
The appellant evidently contends that the jury erred in not finding the appellant "not guilty by reason of insanity." He contends that the evidence of his insanity was overwhelming and uncontradicted so that the statutory presumption of sanity is overcome. One of the cases cited by appellant, Bowen v. State,386 So.2d 489 (Ala.Cr.App.) cert. denied, 386 So.2d 492 (Ala. 1980) noted that in cases involving the principle of law here urged by the appellant, the state presented no evidence of sanity but rather chose to rely solely on the statutory presumption of sanity. Proof of appellant's insanity was not overwhelming nor was it uncontradicted. One of the psychiatrists called by the appellant admitted on direct examination that he was not sure his diagnosis would have been the same if he had had available to him all the evidence presented at the trial. He said that all he had was the information contained in a letter from the defense counsel. He *Page 622 
testified, ". . . I would have a lot more reservation in — I am not sure I would have come to the conclusion I did had I known . . ."
The state called a police officer who testified that the appellant gave every appearance of being able to understand hisMiranda rights. A bank employee testified that she observed the appellant conducting his banking business on many occasions and he always appeared normal. The sales clerk who sold the appellant the pistol testified that the appellant appeared normal and was able to fill out a required federal form. There's testimony from witnesses in regard to things the appellant said just after the shooting and upon his apprehension.
In sum, this is a case in which the evidence for the appellant is not overwhelming and is strongly contradicted. No error was committed therefore in submitting the case to the jury on the issue of insanity.
In view of the foregoing, this judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.