The appellant, Eugene Glover, was charged with engaging in deviate sexual intercourse with a 13-year-old boy in violation of § 13A-6-64, Code of Alabama (1975). He was convicted of sodomy in the second degree and sentenced to life imprisonment pursuant to the Habitual Felony Offender Act.
 I
The appellant argues that the State failed to sufficiently prove the element of penetration. However, the record indicates that the victim testified that the appellant "put his penis in my behind." Further, Officer James of the Montgomery Police Department testified that he took a statement from the appellant in which he admitted having sex with the victim and stated that he had to "take it easy on him [the victim]" because it was his first time. The appellant testified at trial, stating "I was real easy on him. I asked him to find some grease or something, you know. But I didn't — I didn't ejaculate in him." Despite the arguments raised in the briefs of both the appellant and the State, penetration is not an element of sodomy. The cases cited which refer to the necessity of penetration are rape cases. *Page 248 
Sodomy in the second degree is defined as follows:
 "(a) A person commits the crime of sodomy in the second degree if:
 "(1) He, being 16 years old or older, engages in deviate sexual intercourse with another person less than 16 and more than 12 years old.
 "(2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being mentally defective."
This court has also written:
 " 'Deviate sexual intercourse' is defined by § 13A-6-60(2), Code of Alabama 1975 as 'Any act of sexual gratification between persons not married to each other, involving the sex organs of one person and the mouth or anus of another.' Penetration is not an element of sodomy under this law. Cases such as Tarrant v. State, 12 Ala. App. 172, 67 So. 626
(1915), refer to an earlier statute which did require penetration."
Wade v. State, 453 So.2d 1072, 1073 (Ala.Cr.App. 1984).
The State presented sufficient evidence to establish a prima facie case of sodomy in the second degree.
 II
The appellant argues that the victim was an accomplice, and, therefore, that his testimony must be corroborated, which the State failed to do. The appellant's argument is without merit. Initially, we note that the appellant has failed to cite any legal authority for his contention that a victim of the crime of sodomy may also be an accomplice. "Arguments not based on any legal authority have the same effect as if no argument had been made, and the argument will be deemed waived." Vinzant v.State, 462 So.2d 1037, 1039 (Ala.Cr.App. 1984) (and cases cited therein). See also Rule 28(a)(3), (5), Alabama Rules of Appellate Procedure. Nonetheless, we note that a person is deemed incapable of consent if he is less than 16 years old and the offense charged is sexual abuse. Furthermore, according to § 13A-2-7(c)(3), "assent does not constitute consent if . . . [i]t is given by a person whose consent is sought to be prevented by the law defining the offense." The commentary to that section states that it "covers situations involving certain types of sexual misconduct, or 'statutory rape,' or sodomy where the penal statute defining the offense clearly ignores, or rejects, the actual consent of the particular victim in order to protect the entire class of which he or she happens to be a member." The victim could not be an accomplice because he could not legally consent to the offense.
 III
The appellant alleges that the trial court committed aSandstrom error in shifting the burden of proof to him to prove that he was not guilty by reason of insanity. The appellant's argument is without merit. " 'The defense of insanity is an affirmative defense. The burden of proving this defense rests upon the defendant and never shifts to the State.' " Magwood v.State, 426 So.2d 918, 922 (Ala.Cr.App. 1982), affirmed, Exparte Magwood, 426 So.2d 929 (Ala.), cert. denied,462 U.S. 1124, 103 S.Ct. 3097, 77 L.Ed.2d 1355 (1983), quoting Herbertv. State, 357 So.2d 683 (Ala.Cr.App.) cert. denied,357 So.2d 690 (Ala. 1978). Every criminal defendant is presumed by statute to be sane. § 15-16-2, Code of Alabama (1975). The State is not required to prove that the defendant is sane. SeeDancy v. State, 437 So.2d 620, 621 (Ala.Cr.App. 1983). Thus, because the burden of proving insanity rests on the defendant, the trial court did not err by instructing the jury as to that principle.
Furthermore, the appellant stated that he was "well satisfied" with the trial court's charge and never objected thereto. Thus, this issue was not preserved for review.Holmes v. State, 497 So.2d 1149 (Ala.Cr.App. 1986); Sanders v.State, 486 So.2d 1328 (Ala.Cr.App. 1986). *Page 249 
 IV
The appellant argues that the trial court incorrectly instructed the jury by stating, "another matter of law involved in this case, lack of consent on the part of the alleged victim is not an element in this case." The appellant has waived his right to raise this issue by stating that he was satisfied with the trial court's instructions. The trial court's charge was proper in light of the victim's age and the nature of the offense.
AFFIRMED.
All the Judges concur. *Page 674