Appellant, Eugene P. White, was convicted of assault in the second degree. Pursuant to the Habitual Felony Offender Act, he was sentenced to 20 years' imprisonment.
Appellant does not question the sufficiency of the evidence to support his conviction, and it would serve no useful purpose to recite the evidence in detail in this opinion; however, we will set out facts where we deem it necessary for a better understanding of the issues raised.
This is the third appeal of this case. We have reversed and remanded this case for a new trial on two prior occasions.White v. State, 498 So.2d 396 (Ala.Cr.App. 1986); White v.State, 448 So.2d 970 (Ala.Cr.App. 1984).
 I
Appellant initially contends that the trial court erred in denying a motion in limine made for the purpose of excluding evidence of prior altercations with the victim.
Appellant was accused of severely beating his ex-wife. The victim testified that, prior to the assault in question, appellant had frequently beat her during the five years that they were married. The victim specifically recalled appellant beating her with a clothes hanger and a broom and cutting off her hair in the late 1970's. Appellant admitted that he hit the victim on the night in question, but denied that he intended to seriously injure her. In fact, appellant implied that someone else assaulted the victim after he left.
The denial of a motion in limine cannot in and of itself rise to the level of reversible error. "This is true because the material against which the objection has been made has not yet been heard by the jury and may never be heard by them."Brooks v. State, 443 So.2d 1301, 1303 (Ala.Cr.App. 1983).
When the evidence of the prior altercations was introduced at trial, counsel for appellant objected on the grounds of relevancy and remoteness. As a general rule, "evidence of other crimes may be admitted in the trial of the now-charged crime when it is relevant to the now-charged crime and tends to prove an element of the now-charged crime which is at issue."Popwell v. State, 480 So.2d 41, 43 (Ala.Cr.App. 1985). We find that by admitting that he hit the victim, but in denying that he intended to seriously injure her, appellant placed the element of intent in issue. We find the evidence of the prior altercations to be admissible as bearing on the issue of appellant's intent. *Page 1351 
"If the evidence of another crime is otherwise competent and admissible in a present prosecution, its mere remoteness in time does not render it inadmissible." C Gamble, McElroy'sAlabama Evidence § 69.02(6) (3d ed. 1977). Here, the victim testified that the prior altercations occurred frequently for a period of over five years and involved serious injuries. We do not find the prior acts to be too remote in this instance. "Ordinarily, remoteness of time affects the weight and probative value of evidence rather than its admissibility. It rests largely on the enlightened discretion of the court whether or not such proof will be allowed." Smitherman v.State, 33 Ala. App. 316, 318, 33 So.2d 396, 398 (1948). Because of the probative nature in illuminating appellant's intent, we find the trial court did not abuse its discretion in overruling appellant's objection as to remoteness.
 II
Appellant argues that the trial court erred in allowing into evidence a police report which indicated that the weapons used in the assault were a pipe wrench, a glass bottle, and a commode lid. Appellant objected to the admission of the report on the ground that it constituted hearsay.
Prior to the admission of the report and throughout the course of the trial, there was testimony concerning the type of weapons used in the assault. The victim testified that she was hit with a wrench and that glass was broken over her head. She could not recall being hit with a commode lid; however, when questioned about it, she stated, "I don't remember what all I was hit with because I was half dead." The testifying officer, who was also one of the investigating officers, gave testimony concerning the seizure of the wrench, the bottle, and the commode lid from the scene of the crime. Other evidence shows that the commode lid was found in the bathroom where the victim was found, and it was smeared with blood. After the report was admitted, the officer stated that the basis for placing the three items under the section of the report entitled "Description of weapons used" was "information we received from the victim and the crime scene."
We find our recent discussion in Self v. State, 512 So.2d 811
(Ala.Cr.App. 1987), to be controlling in this instance. InSelf, 512 So.2d at 816-17, we found the following:
 "[E]ven if the report was not properly admitted under the business record exception (the State [argues that] it was proper under this exception), it was 'rendered prejudicially innocuous' by the other testimony to the same effect. 'The rule is that testimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent or prior legal testimony to the same effect or from which the same facts can be inferred. Yelton v. State, 294 Ala. 340, 317 So.2d 331 (1974); Holm v. State, 416 So.2d 782
(Ala.Cr.App. 1982).' Bell v. State, 466 So.2d 167, 174 (Ala.Cr.App. 1985)."
We find that even if the court erred in admitting the report into evidence, the error was rendered harmless by the admission, without objection, of the other evidence, direct or circumstantial, tending to establish the wrench, the glass bottle, and the commode lid as weapons used in the assault.
 III
We have reviewed the remaining contentions raised in appellant's brief and find that they are without merit.
This case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur. *Page 1352