TAYLOR, Judge.
The appellant, Joseph Daniel Bryant, was found guilty of obscuring the identity of a vehicle, in violation of § 13A-8-22, Code of Alabama 1975, and received a sentence of a year and a day, suspended. The appellant raises four issues for review, but because one of these issues requires that the case be reversed and remanded for a new trial, only that issue will be discussed.
On May 10, 1985, a 1976 Peterbilt truck was found by investigators of the Alabama Bureau of Investigation (ABI) parked in a lot on Halls Mill Road in Mobile County. The truck’s vehicle identification number (VIN) had been ground off in two places and altered. The investigators did, however, locate an unaltered VIN on the truck in a “confidential” location. From this VIN, ABI was able to identify the truck as belonging to the appellant. Lindon Johnson, one of the ABI investigators on the case, confirmed this information with appellant’s son, and set up an appointment with both appellant and his son on May 13, 1985.
On May 13, 1985, Bryant, a small independent trucker, and Bryant’s son met with Mr. Johnson, another ABI investigator, and an FBI agent at the ABI office in Mobile. The purpose of this meeting was to ascertain whether appellant’s 1976 Peterbilt truck was a stolen vehicle. Appellant told the investigators that the truck was not a stolen vehicle and produced a full bill of sale and a copy of a cashier’s check indicating that he had bought the 1976 truck. Appellant told Mr. Johnson that he did not have the title for his truck because the finance company never sent it to him even though he had “paid off” the truck. Appellant explained that he later found out that the finance company had gone bankrupt, leaving him with a truck which could not be operated because of inability to secure clear title through a bankruptcy court in Texas.
After numerous attempts to get the title to his. 1976 truck straightened out so that he could obtain a tag for it, appellant ground the VIN numbers off the truck and placed an “aportion tag” from another of his trucks on it. An aportion tag, unlike a personal tag, is transferable from one state to another and from one truck to another. Without the papers from the finance company, or from the court, this was the only way appellant could operate his truck. This concluded the interview. Bryant was a victim of complications of the bankruptcy legal system.
Bryant, who thought his full disclosure cleared up matters, persisted in his efforts to obtain the title to his truck, and finally “straightened everything out.” On October 21, 1985, approximately 5 months after his interview with ABI investigators, he was indicted for obscuring the identity of a vehicle and he was arrested and convicted. On appeal, he asserts error in the court’s refusal to charge the jury on the defense of disclosure as provided for by § 13A-8-22(f), Code of Alabama (1975). We agree.
“A trial court has broad discretion in formulating its jury instructions, provided they are an accurate reflection of the law and facts of the case. United States v. Padilla-Martinez, 762 F.2d 942 (11th Cir.1985). However, a ‘defendant is entitled to have the court instruct the jury on his defense theory, “assuming that the *137 theory has foundation in the evidence and legal support.” United States v. Conroy, 589 F.2d 1258, 1273 (5th Cir. 1979).’ United States v. Terebecki, 692 F.2d 1345, 1351 (11th Cir.1982). In order to determine whether the evidence is sufficient to necessitate an instruction and allow the jury to consider the defense, ‘we must accept the testimony most favorably to the defendant.’ (Citations omitted.) United States v. Lewis, 592 F.2d 1282, 1286 (5th Cir.1979). The Alabama Supreme Court has indicated that proper written requested instructions must be given ‘which are supported by any evidence, however weak, insufficient, or doubtful in credibility.’ Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978). See also Ashlock v. State, 367 So.2d 560, 561 (Ala.Cr.App.1978), cert. denied, 367 So.2d 562 (Ala.1979); Giles v. State, 366 So.2d 351 (Ala.Cr.App.1978).”
Coon v. State, 494 So.2d 184, 186 (Ala.Cr.App.1986).
The indictment returned against appellant charged him with violating § 13A-8-22(a)(2), Code of Alabama 1975, specifically, that he possessed “a vehicle or component part thereof, to-wit: a 1976 Pet-erbilt truck, knowing that the manufacturer’s serial number or other identification number or make had been obscured.” Appellant’s requested jury charge number been asked that the trial court charge the jury on § 13A-8-22(f), Code of Alabama 1975, which provides:
“A report by the defendant to the police or other appropriate government agency before arrest is a defense to a charge of violating subdivision (a)(2) of this section. The burden of injecting this issue is on the defendant, but this does not shift the burden of proof.”
Here, it is undisputed that Bryant fully cooperated and informed state and federal law enforcement agents of the obscura-tions he had ordered, before his arrest. The trial judge refused this charge because the appellant did not make his report until after he had been discovered, even though it was before his arrest. Thus, the trial court’s refusal to instruct the jury as to this defense was error. This error was timely called to the attention of the trial judge and preserved for appellate review. Matkins v. State, 497 So.2d 201 (Ala.1986). Therefore, the appellant’s conviction must be reversed because of the trial court’s failure to charge the jury on this issue.
REVERSED AND REMANDED.
All the Judges concur.