McMILLAN, Judge
(dissenting).
I respectfully dissent from the majority’s opinion.
Although I agree that the testimony of Salter and Ussury constituted hearsay under the rule in Ex parte Anonymous, 502 So.2d 1215 (Ala.1987), their testimony was cumulative of that of the victims and constituted error without injury. A.R.A.P. 45. Any evidence that is cumulative, by its nature, tends to bolster the original evidence.
In White v. State, 527 So.2d 1349 (Ala.Cr.App.1988), the admission of a police re *1153 port, which established the weapon used in the assault, was objected to as hearsay. This court held that because the investigating officer testified to the same facts, the error was rendered “prejudicially innocuous” by the other testimony to the same effect. “The rule is that testimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent or prior legal testimony to the same effect or from which the same facts can be inferred.” Bell v. State, 466 So.2d 167, 174 (Ala.Cr.App.1985), quoted with approval in Self v. State, 512 So.2d 811, 816-17 (Ala.Cr.App.1987), and White, supra, at 1351. See also Hammond v. State, 502 So.2d 843, 845 (Ala.Cr.App.1986), cert. denied, 482 U.S. 917, 107 S.Ct. 3193, 96 L.Ed.2d 681 (1987) (any error in the admission of police officer’s testimony that the tablets were Prelu-din was harmless in view of the subsequent testimony of a toxicologist); Edwards v. State, 502 So.2d 846, 848 (Ala.Cr.App.1986) (testimony from the investigating officer that he was told by “the people” at the scene of the crime that no one had been shot, even if improper hearsay, was harmless error). Therefore, although the trial court erred in allowing the witnesses to testify as to what they were told by the victims during the interviews, the error was rendered innocuous by the victims’ testimony to the same facts.
Therefore, this cause should be affirmed.