548 So.2d 1341 (1989)
Ex parte Richard Hilton TOMLIN.
(Re Richard Hilton TOMLIN v. STATE of Alabama).
No. 87-1477.
Supreme Court of Alabama.
May 5, 1989.
Dissenting Opinion from Denial of Rehearing July 28, 1989.
*1342 Charles G. Reynolds, Jr., Lanett, for petitioner.
Don Siegelman, Atty. Gen., and J. Thomas Leverette, Asst. Atty. Gen., for respondent.
JONES, Justice.
We granted the defendant's petition for writ of certiorari to review the Court of Criminal Appeals' "no opinion" affirmance, 531 So.2d 72, of the defendant's conviction and sentence based on the charge of unlawful possession of marijuana. The primary issue is whether the trial court erred in allowing the State, over the defendant's objection, to introduce evidence of prior felony convictions (one for possession and one for sale of marijuana), both of which occurred more than 10 years before the subject charge. Assuming that the defendant prevails on this first issue, the ultimate issue is whether the remaining evidence was sufficient to sustain the conviction. Because we answer both questions favorably to the defendant, we reverse and remand with instructions to the Court of Criminal Appeals to reverse the conviction and sentence and render judgment for the defendant.
In faithful compliance with Rule 39(k), A.R.App.P., counsel for the defendant included in his application for rehearing before the Court of Criminal Appeals the following statement of facts:
"In the early afternoon hours of September 22, 1986, Appellant, Richard Tomlin, was in his yard working on his well pump. About 2:40 p.m., Tomlin observed a helicopter flying at a low altitude above his home. The helicopter flew by and Tomlin went into the house for a drink of water. Shortly thereafter, he noticed that the helicopter had landed in his front yard. Appellant approached the helicopter and asked the two occupants if he could be of any assistance. The occupants of the helicopter identified themselves as Buddy Fletcher, a pilot with the Alabama State Troopers, and Mike Boyd, Investigator with the Chambers County Sheriff's Department, and informed Appellant that they had spotted marijuana growing behind his house.
"Officer Boyd and Trooper Fletcher walked with Appellant toward a creek, which was adjacent to Appellant's property. The officers searched the area, but they were unable to locate the patch of marijuana, which they had observed from the air. Trooper Fletcher then gave Officer Boyd his walkie-talkie and stated that he would make an aerial surveillance and direct Officer Boyd to the marijuana. With the assistance of Trooper Fletcher's aerial observation, Officer Boyd was able to locate a small patch of marijuana, which was located in the center of an obscured area surrounded by briars and shrubs that were six to seven feet in height.
"The property on which the marijuana was located was not owned by the Appellant. Officer Boyd testified that there was a small pathway leading from the marijuana patch to the home of the Appellant. However, the State produced five (5) aerial photographs of the area and the Appellant produced fourteen (14) photographs of the same, all of which failed to depict a pathway from the marijuana to the home of the Appellant. The state's photographs were taken by Trooper Fletcher on the day that the marijuana was discovered and the Appellant's photographs were taken three (3) days following the incident. The only pathway which was depicted in Appellant's and State's photographs indicated a pathway which led from the patch of marijuana in an opposite direction from Appellant's home.
"Officer Boyd further testified that the 21 marijuana plants were in very good shape and that the patch itself indicated that it had been watered and [maintained]. However, Officer Boyd also testified that there were no gardening tools or watering devices located at the home of the Appellant.
"The leaves from the marijuana plants were stripped and delivered to the Department *1343 of Forensic Sciences by Investigator Boyd. Taylor Noggle, a criminalist with the Alabama Department of Forensic Sciences, testified that the marijuana weighed roughly 11 ounces.
"Appellant filed a Motion in Limine prior to the trial for an Order instructing the District Attorney to refrain from making any direct or indirect reference to the prior crimes of the Appellant. On the first day of trial, May 6, 1987, a hearing was held and the Trial Court denied in part, Appellant's Motion in Limine. The Motion in Limine was filed in order to suppress the following prior crimes of the Appellant, which occurred ten (10) years from the date of the present [charged] offense:
"a) August 1974 Possession of Marijuana
"b) January 1975 Possession of Marijuana
"c) April 1975 Possession of Marijuana
"d) May 1977 Sale of Marijuana
"[The latter two convictions were admitted into evidence.]
"The trial Court denied the Motion in Limine with the exception of the PCP conviction. The Trial Court stated that the prior crimes would be admissible for the purpose of assisting the State in proving the element of Constructive Possession.
"The State in both its Opening Arguments and as part of its Case-in-Chief presented evidence to the Jury of Appellant's prior crimes."[1]
Implicitly, the State acknowledges that the reason given by the trial court for allowing proof of the two prior offenses (to assist the State in proving constructive possession) is inappropriate. Rather than supporting the reason stated by the trial judge, the State argues that such evidence was admissible, under one of the recognized exceptions to the general rule, specifically, to show intent and guilty knowledge. While we agree that the general rule against admissibility of prior offenses has its exceptions and that one such exception is the rule that, if relevant, evidence of prior offenses is admissible to show intent and guilty knowledge, we conclude that the challenged evidence in this case does not meet the test of relevancy, which is a prerequisite to admissibility under each of the exceptions. Ex parte Killough, 438 So.2d 333 (Ala.1983). For a good discussion of the general rule and its exceptions, see Staten v. State, 547 So.2d 607 (Ala.1989). See, also, C. Gamble, McElroy's Alabama Evidence § 69.01 (3d ed. 1977).
Evidence that the defendant committed two drug-related offenses more than 10 years before the subject charge is far too remote to satisfy the requisite test of relevancy. Ex parte Cofer, 440 So.2d 1121 (Ala.1983). Particularly is this true where, as here, the totality of the circumstances relied upon by the State to prove the defendant's constructive possession rests heavily upon the evidence linking him to those two prior drug offenses. The only possible inference that can be drawn from such evidence is that this defendant was more likely to commit the offense charged than might otherwise have been the case. This impermissible purpose is the very reason for the rule prohibiting such evidence.
Indeed, once the evidence of the defendant's prior offenses are excluded as being inadmissible on the grounds of remoteness, the remaining evidence is insufficient to sustain the conviction. On facts virtually identical to the facts of this case, the Court of Criminal Appeals, in Crafts v. State, 439 So.2d 1323 (Ala.Crim.App.1983), reversed the conviction on the ground that the evidence was insufficient. We agree with the holding and rationale in Crafts and hold that Crafts' application to the facts of this case requires the same result. Therefore, we reverse and remand with instructions.
REVERSED AND REMANDED.
All the Justices concur.

*1344 ON APPLICATION FOR REHEARING
JONES, Justice.
APPLICATION FOR REHEARING OVERRULED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
The state, on rehearing, has convinced me that the judgment should not have been reversed because the evidence was "far too remote." In Ex parte Cofer, 440 So.2d 1121 (Ala.1983), this Court stated the rule of admissibility thusly:
"The rule regarding admissibility of prior misconduct by a criminal defendant has been well stated in C. Gamble, McElroy's Alabama Evidence § 69.01(1) (3rd ed. 1977):
"`This is a general exclusionary rule which prevents the introduction of prior criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. This rule is generally applicable whether the other crime was committed before or after the one for which the defendant is presently being tried.
"`This exclusionary rule is simply an application of the character rule which forbids the state to prove the accused's bad character by particular deeds. The basis for the rule lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence of prior crimes has almost an irreversible impact upon the minds of the jurors.'"
440 So.2d at 1123.
Because I think the rule established in this case departs from the standard set out in Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396 (1948), I must respectfully dissent. In Smitherman, the Court of Appeals stated the rule as follows:
"Ordinarily, remoteness of time affects the weight and probative value of evidence rather than its admissibility. It rests largely in the enlightened discretion of the court whether or not such proof will be allowed. Remoteness has regard also to factors and considerations other than mere lapse of time."
33 Ala.App. at 318-19, 33 So.2d at 398.
NOTES
[1] This same statement of facts (with page references to the record) was incorporated in the defendant's petition to this court, and we have verified its accuracy from the evidence of record.