TYSON, Judge.
James Eatmon was indicted for sodomy in the first degree, in violation of § 13A-6-63, Code of Alabama 1975, and attempted rape in the first degree, in violation of §§ 13A-6-61 and 13A-4-2, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment.” The trial judge sentenced Eatmon to life imprisonment without the possibility of parole and to life imprisonment, respectively.
On August 2, 1988, J.T., the 14-year-old prosecutrix in this case, was working at Jackson-Olin High School in Birmingham, Alabama. She was working with the custodians of the school as part of a summer youth program for underprivileged children.
J.T., a youth co-worker (Glenda Young), and their supervisor (Ms. Robertson) were cleaning one of the bathrooms on the second floor of the school. Ms. Robertson instructed one of the girls to go to the basement and find the gum scraper. J.T. volunteered for this task.
J.T. went into the boys’ rest room which adjoins the gym in the basement. She was, however, unable to find the gum scraper. As she turned to exit, someone grabbed her from behind and placed a knife to her throat. Her assailant ordered her to undress. She complied with his demand, and he then tried to perform anal sex on her. After being unsuccessful, he ordered her to lie on the floor, where he tried to insert his penis into her vagina.
J.T. testified that he did not penetrate her on either occasion. After hearing a sound, he instructed her to get dressed. He grabbed her by the arm and led her out of the bathroom. He instructed her to kiss him. She complied with his request, and he then released her. She ran back upstairs and reported the incident to her co-worker (Young) and then to the authorities at the school.
J.T. told the police that she recognized her assailant. She told the police that the appellant, who lived around the corner from her, was the one who tried to rape and sodomize her.
The appellant, Eatmon, was arrested, indicted, and eventually convicted. It is from this conviction that he now appeals.
I
The appellant filed one written requested jury charge, which was refused by the trial judge. The charge reads:
*141 “The court charges the jury that if the evidence of the state consists of identification of a witness or witnesses of the accuracy of which the jury has a reasonable doubt than [sic] you cannot convict the defendant.”
(R. 290).
At trial, the appellant called three witnesses to testify in his behalf. Two of the witnesses claimed that they were at the appellant’s house on August 2, 1988, at the time of day that the sexual assault occurred at Jackson-Olin High School. Both witnesses testified that the appellant was at home during this period of time.
The third witness called in behalf of the appellant was his mother. She testified that she had never seen her son wearing a plastic “gerry curl cap,” which the assailant was said to have been wearing at the time of the attack.
Questions regarding alibi and identity, as raised by an accused, are matters for the jury to resolve. Granger v. State, 473 So.2d 1137, 1139 (Ala.Cr.App.), cert. denied (Ala.1985); Agee v. State, 429 So.2d 654, 655 (Ala.Cr.App.1982). When an accused seeks to have his theory of the case presented to the jury in a written requested charge, it must be supported by some evidence which was adduced at trial. Crawford v. State, 485 So.2d 391, 394 (Ala.Cr.App.1986).
In Giles v. State, 366 So.2d 351, 352 (Ala.Cr.App.1978), the appellant sought to have the petit jury instructed as follows:
“The Court charges the jury that if, after considering all the evidence in this case, there is a reasonable doubt as to the presence of the Defendant near the scene of the alleged crime, then you should not convict the Defendant.”
As in the case at bar, the appellant in Giles claimed that he was somewhere other than at the scene of the crime, thus raising the defense of alibi. Also in Giles, as in the case at bar, the State’s evidence placed the appellant at the scene of the crime at the time of the commission of the crime.
While the language of the requested jury charge may have been better stated, its substance is indistinguishable from the requested charge in Giles. Furthermore, the conflicting evidence in Giles and that in the cause sub judice are of the same nature.
In Giles, 366 So.2d at 352, we stated:
“In determining whether a requested charge should be given, the question is not whether the court believes the evidence supporting the charge, ‘but simply whether such evidence was presented.’ Hunter v. State, 295 Ala. 180, 325 So.2d 921 (1976).
“The trial judge may have had reason to disbelieve the appellant’s version of the facts, however, he did not have legal cause to withhold that version of the facts from the jury's consideration.
“In Burns v. State, 229 Ala. 68, 155 So. 561 (1934), our Supreme Court held in part as follows:
“ ‘Our decisions are to the effect that every prisoner at the bar is entitled to have charges given, which without being misleading, correctly [state] the law of his case, and are supported by any evidence, however weak, insufficient, or doubtful in credibility. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96. And in Morris v. State (Ala.Sup.), 39 So. 608, 611, it is said: “It matters not how slight the tendency of evidence may be towards establishing any material fact involved, the court cannot exclude it from the jury. Its weight is for their determination _” ’” (Emphasis supplied.)
“Likewise, in Chavers v. State, Ala., 361 So.2d 1106 (1978), the Alabama Supreme Court stated:
“ ‘... [0]ur decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility....’”
Likewise, in Brooks v. State, 380 So.2d 1012, 1014 (Ala.Cr.App.1980), we noted:
“A requested identification instruction which deals realistically with the shortcomings and trouble spots of the identification process should be given where the *142 principle has not been covered by the court’s oral charge. United States v. Telfaire, 152 U.S.App.D.C. 146, 469 F.2d 552 (D.C.Cir.1972); Smith v. State, 54 Ala.App. 248, 250, 307 So.2d 57 (1975).”
Cf Craig v. State, 526 So.2d 644, 646 (Ala.Cr.App.), cert. denied (Ala.1988) (the trial judge’s refusal to instruct on alibi, even though the judge instructed on identity, was reversible error).
At the conclusion of the trial judge’s oral charge, the following occurred:
“[THE COURT]: Are there any exceptions to the Court’s charges?
“MR. GOMANY: Yes, sir, Judge.
(The following proceedings were held sidebar outside the hearing of the jury:)
“MR. GOMANY: Judge, we submitted— the defendant submitted a requested jury charge concerning the testimony of witnesses that the jury should consider. We ask the Court to give that charge because it is a proper charge and a legal charge and should be given.
“THE COURT: Overruled.
“MR. GOMANY: We except, Your Hon- or.”
(R. 247).
The identity issue was, as noted, preserved for our review. This matter was not covered by the trial court’s oral charge or by other given charges.
Therefore, based on the authority of Giles and Brooks, we conclude that it was reversible error for the trial judge to refuse to give the appellant’s requested written charge.
II
Also, the appellant contends that, since there was no penetration, his conviction for sodomy was error.
The State, however, correctly points out in its brief that penetration is not an element of sodomy. Glover v. State, 518 So.2d 247, 248 (Ala.Cr.App.1987); Wade v. State, 453 So.2d 1072, 1073 (Ala.Cr.App.), cert. denied (Ala.1984). Thus, the appellant is not due to prevail on this issue.
However, for the reasons stated in Part I of this opinion, the judgment of the trial court is due to be, and it is hereby, reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.