BOWEN, Judge,
dissenting.
In this case, the offense occurred in 1989. The prosecution introduced evidence that the appellant had been convicted for DUI in 1978 and 1987. On this appeal from a conviction of criminally negligent homicide, the majority, in an unpublished memorandum opinion, holds that a prior 1978 DUI conviction was not “too remote” to prove that the appellant exhibited an extreme indifference to human life, even though the prior offense occurred 11 years before the charged offense. I would hold that in a prosecution for reckless murder involving the operation of a vehicle while under the influence of alcohol, the admission of a prior conviction for DUI which occurred 11 years before the charged offense is too remote and constitutes prejudicial error.
In Ex parte Tomlin, 548 So.2d 1341, 1343 (Ala.1989), the Alabama Supreme Court held that “[ejvidence that the defendant committed two drug-related offenses more than 10 years before the subject charge is far too remote to satisfy the requisite test of relevancy.” (Emphasis added.) In Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983), that Court held “that a single rape which occurred ten years prior to the present offense, as reprehensible as it is, is not evidence of a pattern or preexisting design into which the present charge of sexual abuse fits.” In McClellan v. State, 571 So.2d 341, 344 (Ala.Cr.App.), cert. quashed, 571 So.2d 345 (Ala.1990), this Court held that evidence that the defendant sexually abused a child eight years before the subject charge of abuse was too remote. When the Alabama Supreme Court quashed its writ of certiorari in that case, Justice Maddox concurred in the result because of the “remoteness of the collateral crime.” (Emphasis in original.)
In determining the remoteness of a prior DUI conviction, this Court should consider the fact that the statute defining the offense of driving while intoxicated, Ala.Code 1975, § 32-5A-191, in fixing punishment, considers only those convictions which occurred within a five-year period. Although that five-year period is not controlling here, in this case the prior conviction was simply too remote to have any probative value in connection with the charged offense.
Furthermore, the erroneous admission of the 1978 conviction was not rendered harmless by the proper admission of the 1987 DUI conviction. See Holifield v. State, 520 So.2d 240, 243-44 (Ala.Cr.App.1987) (seven-year-old prior DUI conviction properly admitted). “Evidence of prior bad acts of a criminal defendant is presumptively prejudicial to the defendant.” Ex parte Cofer, 440 So.2d at 1124. The improper admission of evidence that a defendant committed a collateral offense on one occasion is not rendered harmless by the admission of proper evidence that he committed a collateral offense on another separate occasion. Each collateral offense compounds the admission of the other. “[T]he proper inquiry here is not whether evidence of the defendant’s guilt is overwhelming but, instead, whether a substantial right of the defendant has or probably has been adversely *1243 affected.” Ex parte Lowe, 514 So.2d 1049, 1050 (Ala.1987).
For these reasons, the judgment of the circuit court must be reversed.