PATTERSON, Judge.
The appellant, Ray Rodgers, was convicted after a jury trial of conspiracy to commit murder, in violation of § 13A-4-3, and of attempted murder, in violation of § 13A-4-2, Code of Alabama 1975. He was sentenced to 99 years’ imprisonment in each case, with the sentences to run consecutively.
The appellant raises four issues on appeal; however, we need only address his argument that the trial court erred by admitting evidence of prior bad acts that occurred 17 to 18 years prior to the instant offense. At trial, the following occurred:
“Q. [prosecutor] Now, you said Heath [the victim’s son] was born in what year?
“A. [by the victim] 1972.
[[Image here]]
“Q. Did you — at the time that Heath was born, did you and the defendant have any problem about Heath?
“A. Well, Heath—
MR. COPELAND [defense counsel]: I object.
MR. DRAKE [defense counsel]: Too remote.
THE COURT: Overruled. Fm going [to] let them show either side, family history, everything.
“A. Well, before Heath was born he said he didn’t want that damn kid. He said that he was Dr. Taylor’s.
“Q. (BY MR. SORRELLS) [Assistant Attorney General]: Who is Dr. Taylor?
“A. He was the one that I went to help me get pregnant.
“Q. Was he a gynecologist?
“A Gynecologist.
“Q4 Did you have arguments about his claim that Heath was not his child?
“A. That was all.
“Q. When was Brian [the victim’s son] born?
“A. 1973.
“Q. When Brian was born, did you have any difficulties about Brian’s birth?
“A. Yes. After Brian was born he came — he got mad and came in the kitchen—
“MR. DRAKE: Judge, I’m going to interpose an objection here. Calling for hearsay. No predicate for this. Aso too remote and more prejudicial than probative.
“THE COURT: Overruled.”
The trial court then allowed the state to elicit from the victim that during the incident in the kitchen, the appellant choked her. Shortly after the choking, the appellant fired a gun loaded with blanks that he had aimed at her head.[1]
The trial court admitted this testimony without giving any grounds for its ruling. The state contends that this testimony was admissible to show motive and intent. We, however, fail to see how this testimony has any bearing on the appellant’s motive some 17 years later to murder his wife, especially when a now-alleged motive is life insurance proceeds. We also fail to see how this testimony has any bearing on the appellant’s intent to kill his wife 17 years later. While this evidence would have been of little or questionable relevance had it been closer to the time of the instant offenses, evidence of acts committed 17 to 18 years prior to the instant offense is simply too remote to be relevant to the instant offense. See Ex parte Tomlin, 548 So.2d 1341 (Ala.1989) (evidence that defendant had committed 2 drug-related offenses 10 years before the subject charge held too remote); Ex parte Cofer, 440 So.2d 1121 (Ala.1983) (evidence that defendant had allegedly committed rape 10 years prior to *684 subject charge held too remote); McClellan v. State, 571 So.2d 341 (Ala.Cr.App.), cert. denied, 571 So.2d 345 (Ala.1990) (evidence that defendant had sexually abused a child 8 years prior to the subject charge held too remote). Although it is within the trial court’s discretion to determine whether evidence is too remote to be admissible, we find that the trial court abused its discretion by admitting the evidence of the prior bad acts that occurred 17 to 18 years before this offense.
II
Although we reverse for the reason discussed in part I above, we deem it advisable to comment on the appellant’s contention that the trial court erred by allowing the testimony of a co-conspirator without first requiring independent prima facie evidence of a conspiracy. The appellant correctly states the general rule that there must first be prima facie evidence of a conspiracy before the hearsay statements of a co-conspirator may be admitted and that the initial existence of a conspiracy may not be proved by the co-conspirator. See Bright v. State, 485 So.2d 398 (Ala.Cr.App.1986). We also note that while the preferred procedure is to establish the existence of a conspiracy and then to admit the co-conspirator’s statements, subsequent proof of the conspiracy-will cure the error of the premature admission of the statements. Moore v. State, 539 So.2d 416 (Ala.Cr.App.1988) (citing C. Gamble, McElroy’s Alabama Evidence § 195.-03(2) (3d ed. 1977)).
Ill & IV
We find no need to address the appellant’s issues III and IV at this time.
Based on the foregoing, the judgment of the circuit court is reversed and the cause is remanded.
REVERSED AND REMANDED.
All Judges concur.

. We infer from the evidence that the gun was loaded with blanks because the victim testified that the appellant fired the gun at her head, but the victim acknowledged that the gun did not fire bullets of any kind.