[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 32 
The appellant, Richard Lee Hayes, was convicted of stalking under § 13A-6-90, Code of Alabama 1975, and was sentenced to five years imprisonment. That sentence was suspended and the appellant was placed on five years probation.
This case stemmed from the tumultuous relationship between the appellant and his ex-wife, Cherie Jo Hayes. The couple started having problems in 1988 while living in New York State. In 1988, the appellant was convicted of third-degree assault as a result of a beating that he had inflicted on Ms. Hayes. Sometime around 1989 or 1990, the couple moved to Dothan, Alabama, where they currently reside. The appellant and Ms. Hayes separated and reconciled several times. In February 1995, their common-law marriage was dissolved by divorce. In May 1995, the series of incidents that are the basis of this action began.
The State's evidence showed numerous encounters between the appellant and his ex-wife. The appellant had often followed Ms. Hayes in his automobile and, on one occasion, had forced her automobile off the road. The appellant confronted Ms. Hayes at numerous places, including her home, local stores, restaurants, parking lots, and the street in front of the appellant's home. The appellant sent Ms. Hayes numerous letters containing derogatory comments. In addition, evidence showed that the appellant called Ms. Hayes repeatedly at her place of employment. Also, on two occasions, the appellant put his hand to his head and simulated the firing of a gun, saying to Ms. Hayes, "This is for you, bitch." On yet another occasion, after asking Ms. Hayes if she really liked her current boyfriend, he responded, "Good, two for one shot." While Ms. Hayes was dropping her *Page 33 
son off at the appellant's home, the appellant approached her and told her that he had a court paper giving him permission to "pack a piece." He then showed Ms. Hayes two shotgun shells and told her that they had her name on them. Furthermore, on numerous occasions, he shouted epithets, such as "whore" and "slut," at Ms. Hayes.
The appellant was arrested and charged with stalking under § 13A-6-90, Code of Alabama 1975. The trial court denied the appellant's motion for a judgment of acquittal made at the close of the State's case and the appellant's motion for a new trial. This appeal followed.
 I
The appellant argues that the State failed to prove a prima facie case of stalking.
A reviewing court, when examining the sufficiency of the evidence on a motion for a judgment of acquittal,
 "must accept the evidence presented by the state as true, must view that evidence in a light most favorable to the state, and must accord the state all legitimate inferences from the evidence. Rowe v. State, 662 So.2d 1227 (Ala.Cr.App. 1995). Where there is legal evidence from which a jury could by fair inference find a defendant guilty, a trial judge should submit the case to the jury. Id."
State v. Grantland, 709 So.2d 1310, 1311-12 (Ala.Cr.App. 1997).
Section 13A-6-90, Code of Alabama 1975, states, in pertinent part:
 "(a) A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking."
(emphasis added).
In order to prove a prima facie case of stalking, the State must show three elements. First, the State must prove that the accused "intentionally and repeatedly follow[ed] or harass[ed] another person." Second, the accused must have made a "credible threat." Finally, the accused must have intended to place the victim in reasonable fear of death or serious bodily injury.See § 13A-6-90, Code of Alabama 1975. We recognize that this is not the same test set forth in Culbreath v. State,667 So.2d 156, 159 (Ala.Cr.App. 1995).
Culbreath erroneously stated that the appellant's conduct must have actually placed the victim in reasonable fear of death or serious bodily injury. Id.; see also § 13A-6-90, Codeof Alabama, 1975. In Culbreath, the appellant was accused of harassing his ex-wife. The language in question apparently refers to the requirement in § 13A-6-92(c), Code of Alabama
1975, that an intentional course of conduct must actually cause a victim to suffer substantial emotional distress before it rises to the level of harassment. While the State need not show that the victim was actually placed in fear of death or serious bodily injury to prove a prima facie case of stalking, the State must still show that a victim suffered substantial emotional distress in order to prove harassment.
 A. Intentionally and Repeatedly Following or Harassing Element
Under this element, the State must show that the accused either followed the victim on more than one occasion or that the accused harassed the victim on more than one occasion.State v. Randall, 669 So.2d 223, 227 (Ala.Cr.App. 1995) (defining the word "repeatedly").
Harassing is defined in § 13A-6-92(c), Code of Alabama 1975. In order to prove harassing conduct, the State must show that (1) the accused "engag[ed] in an intentional course of conduct directed at a specified person," (2) that conduct "alarm[ed] or annoy[ed] that person, or interfere[d] with the freedom of movement of that person, and which serve[d] no legitimate purpose," and (3) the course of conduct is "such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress." §13A-6-92(c), Code of Alabama 1975 (emphasis added). *Page 34 
The evidence showed that the appellant not only followed Ms. Hayes on more than one occasion, but he also harassed her on numerous occasions. The appellant admitted that he knew where Ms. Hayes lived, worked, and shopped. The State presented evidence of numerous occasions when he would follow her and confront her at these places. After following her on one occasion, the appellant forced her car off the road. In one instance, the appellant saw Ms. Hayes pulling into a shopping center as he was leaving. When Ms. Hayes entered a store in the center, the appellant followed her in and confronted her about her boyfriend. On other occasions, the appellant called Ms. Hayes repeatedly at work and left messages that he would call DHR if she did not call him back. There was also evidence that the appellant called Ms. Hayes's employer, co-workers, and friends to talk about her. The appellant also admitted that he had written a flyer, which contained derogatory statements about Ms. Hayes, that had been distributed around the Dothan area. The appellant yelled at Ms. Hayes numerous times, calling her names such as "whore" and "slut." The appellant also made gestures as if he were firing a gun at his head, telling Ms. Hayes, "This is for you, bitch." He also made a comment about "two for one shot" upon hearing that Ms. Hayes liked her boyfriend. Furthermore, the appellant showed Ms. Hayes two shotgun shells and told her that they had her name on them. Such acts could cause a reasonable person to suffer substantial emotional distress. Furthermore, they showed a pattern of intentional conduct directed at Ms. Hayes.
The State also presented evidence that the appellant's conduct not only alarmed and annoyed Ms. Hayes, but that it also caused her to fear that the appellant would kill her. She also testified that, on occasion, the appellant's conduct made her feel "low," "awful," and embarrassed. There was ample evidence that the victim suffered substantial emotional distress.
After reviewing the evidence in a light most favorable to the State, we find that a jury, by fair inference, could have found that the appellant repeatedly followed and harassed Ms. Hayes.
 B. Credible Threat Element
"Within reasonable bounds, any question of the 'credibility' of the threat made to the victim [is] a question for the jury to resolve." Culbreath, 667 So.2d at 163. A threat, whether express or implied, is "credible" if (1) it is made with the intent to cause the victim "to fear for his or her safety or the safety of a family member"; (2) the accused has the apparent ability to carry out the threat; (3) it causes the victim to fear for her safety or the safety of a family member; and (4) it causes reasonable mental anxiety, anguish or fear. §13A-6-92(b), Code of Alabama 1975.
This court has not yet addressed the question of whether the accused must actually intend to carry out his threat before it will be deemed a "credible threat." We hold that our stalking statute has no such requirement. Alabama has little caselaw interpreting the language of § 13A-6-92, Code of Alabama 1975. The Alabama stalking statute is substantially similar to California's stalking statute. Culbreath v. State, 667 So.2d at 159; State v. Randall, 669 So.2d 223, 226 (Ala.Cr.App. 1995). The California Court of Appeal, when looking at the credible threat requirement of California's statute, held that there is no requirement that the accused have the actual intent to carry out the threat. People v. Falck, 52 Cal.App.4th 287,60 Cal.Rptr.2d 624, 630 (1997).[1] According to that court,
 "[i]t is enough that the threat causes the victim reasonably to fear for her safety or the safety of her family, and that the accused *Page 35 
makes the threat with the intent to cause the victim to feel that fear."
Id. In examining our statute we agree with the California Court of Appeal and hold that the State need only show that the accused intended to cause the victim to fear for his safety or the safety of his family.
The question of intent is usually incapable of direct proof and is usually left to the province of the jury. Oryang v.State, 642 So.2d 989, 994 (Ala.Cr.App. 1994). The appellant made comments to Ms. Hayes such as "two for one shot" and "this is for you, bitch" after he showed her shotgun shells and made hand gestures simulating the firing of a gun. Furthermore, he told her that he had a paper permitting him to "pack a piece." Based on these statements, there is sufficient evidence from which a jury, by fair inference, could have found that the appellant intended to cause Ms. Hayes to fear for her safety.
The State must also show that the appellant had the apparent ability to carry out the threat. The evidence showed that Ms. Hayes knew the appellant kept a shotgun and a .22 caliber pistol in his home. Although the appellant testified that these weapons had been turned over to the police for safekeeping, they were not turned over until after the present charges were brought. This evidence shows that the appellant had the apparent ability to carry out the threat.
The State also presented evidence that Ms. Hayes suffered mental anxiety and that she feared for her safety. The State's evidence indicated that on two occasions the appellant gestured toward his head with his hand, simulating the firing of a gun. On one of these occasions, he told Ms. Hayes, "This is for you bitch." On yet another occasion, after Ms. Hayes had responded to a question about her boyfriend, he responded, "Good, two for one shot." While Ms. Hayes was dropping her son off at the appellant's home, he approached her and told her that he had a court paper saying he could "pack a piece." He then showed Ms. Hayes two shotgun shells and told her that they had her name on them.
We agree with the California Court of Appeal that "in determining whether a threat occurred, the entire factual context, including the surrounding events and the reaction of the listeners, must be considered." Falck, 60 Cal.Rptr.2d at 630 (citing United States v. Orozco-Santillan, 903 F.2d 1262
(9th Cir. 1990)). This test focuses on the totality of the circumstances, rather than isolated incidents, and is consistent with our position that stalking statutes must be interpreted as broadly as possible so as to afford the victim maximum protection. State v. Randall, 669 So.2d 223, 227
(Ala.Cr.App. 1995).
The threats in this case, particularly when viewed in light of a 1988 assault where the appellant punched Ms. Hayes in the face and beat her head on the ground until she was nearly unconscious, support Ms Hayes's testimony that she was afraid the appellant would kill her and that this fear caused her mental anxiety.
 C. Intent Element
Finally, the State must show that the accused intended to place the victim in reasonable fear of death or serious bodily injury. " 'The question of intent is hardly ever capable of direct proof. Such questions are normally questions for the jury. McMurphy v. State, 455 So.2d 924 (Ala.Crim.App. 1984);Craig v. State, 410 So.2d 449 (Ala.Crim.App. 1981), cert. denied, 410 So.2d 449 (Ala. 1982).' " Oryang v. State,642 So.2d 989, 994 (Ala.Cr.App. 1994) (quoting Loper v. State,469 So.2d 707, 710 (Ala.Cr.App. 1985)). In Culbreath, this court addressed the intent element of the Alabama stalking statute. According to Culbreath, "[i]f an actor has a specific intent to bring about a particular effect, he can be presumed to be on notice that his actions to effect that intent constitute a crime." 667 So.2d at 159 (quoting Boychuk, M. Katerine, AreStalking Laws Unconstitutionally Vague or Overbroad? 88 Nw.U.L.Rev. 769, 781 (1994)). The appellant admitted that he knew where Ms. Hayes lived, worked, and shopped. The State presented evidence that the appellant often followed Ms. Hayes to these places and that he would confront her there. The appellant also admitted that he sent letters to Ms. Hayes and to her co-employees. At trial, he admitted that he printed a flyer containing derogatory *Page 36 
comments about Ms. Hayes which was distributed around the Dothan area. There was also evidence that the appellant made comments to Ms. Hayes such as "two for one shot" and "this is for you bitch" after he showed her shotgun shells and made hand gestures simulating the firing of a gun. We have noted that " 'a person who threatens another with death or great bodily injury knows that such speech constitutes a crime.' " 667 So.2d at 160 (quoting Boychuk, 88 Nw.U.L.Rev. at 779). Based on the above, the State presented sufficient evidence of the appellant's intent.
The appellant argues that his evidence showed that most of his contacts with Ms. Hayes occurred at his home or in furtherance of legitimate business. The appellant also contends that his evidence clearly showed that Ms. Hayes's motives in bringing this complaint were improper. The State presented sharply conflicting evidence. We have held:
 " 'Conflicting evidence presents a jury issue. Smith v. State, 583 So.2d 990 (Ala.Cr.App.), writ denied, 583 So.2d 993 (Ala. 1991). "The jury is the judge of the facts, the demeanor of the witnesses, and their testimony." Finch v. State, 445 So.2d 964
(Ala.Cr.App. 1983). . . . Where facts are presented from which the jury could reasonably infer that the alleged crime has been committed, then the question must be submitted to the jury. Brandon v. State, 542 So.2d 1316 (Ala.Cr.App. 1989). "The jury is then under a duty to draw permissible inferences from the circumstantial evidence presented and to base its verdict accordingly." Id. at 1318.' "
Read v. State, 686 So.2d 563, 565 (Ala.Cr.App. 1996) (quotingSaffold v. State, 627 So.2d 1107, 1109 (Ala.Cr.App. 1993)).
Based on the foregoing, we find that the State proved a prima facie case of stalking against the appellant. Therefore, the trial court did not err in denying the appellant's motion for a judgment of acquittal.
 II
The appellant claims that the court erred in admitting photographs of Ms. Hayes showing the injuries she sustained as a result of the 1988 assault by the appellant.[2] The appellant asserts three grounds of error.
First, the appellant argues that the photographs constituted improper character evidence. Alabama's general rule of character evidence states that "[e]vidence of a person's character or trait of character is not admissible for thepurpose of proving action in conformity therewith on a particular occasion." Ala. R. Evid. 404(a). Implicit in this rule is the proposition that character evidence is admissible for other purposes. C. Gamble, Gamble's Alabama Rules ofEvidence § 404(a)(i). The Rules of Evidence explicitly state that "[e]vidence of other crimes, wrongs, or acts . . . . may, however, be admissible for other purposes." Ala. R. Evid. 404(b). The State asserts that the photographs were not offered to prove that the appellant's present conduct conformed to his past behavior. Rather, it was offered to prove two elements of the crime of stalking. We agree with the State's contention that the photographs were relevant to prove a credible threat and intent, elements of the offense of stalking.
Trial courts are vested with considerable discretion in determining whether evidence is relevant, and such a determination will not be reversed absent plain error or an abuse of discretion. Lambert v. Beverly Enterprises, Inc.,695 So.2d 44 (Ala.Civ.App. 1997); see also C. Gamble, Gamble'sAlabama Rules of Evidence § 401(b). Alabama recognizes a liberal test of relevancy, which states that evidence is admissible "if it has any tendency to lead in logic to make the existence of the fact for which it is offered more or less probable than it would be without the evidence." C. Gamble,Gamble's Alabama Evidence, § 401(b) (emphasis original). The photographs of Ms. Hayes are relevant to show that the threat was credible in that it caused her to fear for her safety. Furthermore, these photographs, in conjunction with *Page 37 
the course of conduct in question, are relevant to show that the appellant intended to cause Ms. Hayes mental anguish, to cause her to fear for her safety, and to cause her to fear death or serious bodily injury. This is consistent with our position in Culbreath, 667 So.2d at 163. Therefore, these photographs were not inadmissible character evidence.
The appellant's second argument is that the photographs were inadmissible because the assault from which they arose was too remote. The assault occurred in December 1988. The course of conduct forming the basis of this conviction began in May 1995, approximately six and one-half years later. This court has held:
 "Seven to nine-year-old offenses are not too remote to be admissible. The Alabama Supreme Court has held prior acts too remote only when the acts were ten years old, Ex parte Cofer, 440 So.2d 1121, 1124 (Ala. 1983), or older, Ex parte Tomlin, 548 So.2d 1341, 1343 (Ala. 1989). This court has upheld the admission of collateral acts seven to nine years old against arguments of remoteness. See, e.g., J.D.S. v. State, 587 So.2d [1249,] 1251 ([Ala.Cr.App. 1991)] (nine years); Perkins v. State, 580 So.2d 4, 8 (Ala.Cr.App. 1990) (seven years)."
Register v. State, 640 So.2d 3, 9 (Ala.Cr.App. 1993), aff'd,680 So.2d 225 (Ala. 1994). Furthermore, the remoteness of a collateral act generally goes to the weight and credibility of the evidence, not to its admissibility. Howell v. State,627 So.2d 1134, 1138 (Ala.Cr.App. 1993) (quoting Palmer v. State,401 So.2d 266, 269 (Ala.Cr.App. 1981), cert. denied,455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982)). Therefore, we find that the appellant's argument that the photographs were too remote is without merit.
The final ground of error is that the probative value of the photographs was substantially outweighed by their prejudicial effect. Under Ala. R. Evid. 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." (Emphasis added.) The power to make this determination is vested in the trial court. Zielke v.AmSouth Bank, 703 So.2d 354, 361 (Ala.Civ.App. 1996); seealso C. Gamble, Gamble's Alabama Rules of Evidence § 403. We will not disturb such a determination unless it is clearly an abuse of discretion. These photographs had an extremely high probative value in light of the nature of the charge. The danger of unfair prejudice in this case simply does not substantially outweigh the probative value of this evidence. The assault charge is substantially different from the stalking charge because the stalking charge does not allege that the appellant physically attacked Ms. Hayes. This makes it less likely that the evidence will be used for an impermissible purpose. Furthermore, the appellant did not object to Ms. Hayes's testimony about the assault.
Based on the foregoing, we hold that the trial court did not err in admitting the photographs into evidence.
 III
The appellant claims that the trial court erred in admitting evidence of a prior harassment charge Ms. Hayes filed against the appellant. Because the appellant was acquitted of these charges, he argues that they have no probative value.
An accused's prior acts of harassing are admissible to demonstrate a "course of conduct" in stalking the victim.Culbreath v. State, 667 So.2d at 164 (Ala.Cr.App. 1995). Furthermore, this court has held that evidence of an accused's acquittal for a prior act does not bar the admissibility of that evidence, but rather goes to the weight of the evidence.Ex parte Hinton, 548 So.2d 562 (Ala. 1989), cert. denied,493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989); Robinson v.State, 40 Ala. App. 101, 108 So.2d 188 (1959). Based on the foregoing, we find that the trial court did not err in admitting evidence of the prior harassment charges brought against the appellant by Ms. Hayes.
 IV
Finally, the appellant argues that he received ineffective assistance of counsel. The basis of his argument was trial counsel's failure to make certain tapes available to the State during discovery which prevented the defense from using them to impeach Ms. Hayes. *Page 38 
To prevail on an ineffective assistance of counsel claim, the petitioner must establish that his attorney's performance was deficient and that, as a result of the attorney's deficiency, the petitioner was denied a fair trial. Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). The burden is on the accused to establish a claim of ineffective assistance of counsel. Williams v. State,641 So.2d 1305 (Ala.Cr.App. 1994).
During the hearing on the appellant's motion for a new trial, the appellant and the State presented widely varying testimony. The appellant's evidence showed that his trial attorney had had the tape for a year and a half and had listened to the relevant portions of the tape with the appellant on several occasions. According to the appellant, there were numerous times before the trial when he discussed the tape with his trial counsel.
The appellant's trial attorney testified that he discovered the tape only after looking through existing case files related to the appellant. According to the attorney, he had represented the appellant since 1993 on numerous matters, and the tape was located in his file dealing with an unrelated juvenile matter. He stated that the segment of the tape related to the juvenile matter was not the same part that was related to the stalking case. His testimony also showed that the appellant did not bring the tape to his attention until the night before he offered it, and it was not until this time that he listened to the portion of the tape related to the stalking charge.
Resolving conflicts in the testimony is not the province of this court. Williams v. State, 415 So.2d 1171 (Ala.Cr.App. 1982), see also May v. State, 335 So.2d 242 (Ala.Cr.App. 1976). Such conflicts present a question for the finder of fact. Smithv. State, 677 So.2d 1240 (Ala.Cr.App. 1995). There was ample evidence in the record to support the trial court's finding that the trial attorney's performance was not deficient. Therefore, the appellant has not met his burden of establishing that his trial attorney's performance was deficient. Thus, we need not address the second prong of the Strickland test concerning whether the allegedly deficient performance denied the appellant a fair trial.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.
[1] In Falck, the appellant's acts fell under an earlier version of the California stalking statute that defined a credible threat as " 'a verbal or written threat or a threat implied by a pattern of conduct or a combination of verbal or written statements and conduct made with the intent and the apparentability to carry out the threat so as to cause the person whois the target of the threat to reasonably fear for his or hersafety or the safety of his or her immediate family.' " 60 Cal. Rptr.2d at 630. (quoting Cal.Penal Code § 646.9(e) (West 1995)). This language is substantially similar to the definition of a credible threat in Alabama's stalking statute, § 13A-6-92(b), Code of Alabama 1975.
[2] The appellant objected only to the admission of the photographs, not to Ms. Hayes's testimony about the incident.