The majority's reliance on McElroy's Alabama Evidence and Brewer v.State, 440 So.2d 1155 (Ala.Crim.App. 1983), which preceded the adoption of the Alabama Rules of Evidence, is misplaced. On January 1, 1996, the Alabama Rules of Evidence became effective, and the appellant's trial began on September 1, 1998. Rule 404(b), Ala. R. Evid., which is quoted below, specifically provides that evidence about prior bad acts is admissible to establish *Page 273 
intent, and it does not incorporate the restrictions set forth inMcElroy's or Brewer.
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."
Rule 404(b), Ala. R. Evid. (emphasis added). The Advisory Committee's Notes to Rule 404(b), Ala. R. Evid., state:
 "The general rule excluding character evidence does not bar evidence of specific acts when that evidence is offered for some purpose other than the impermissible one of proving action in conformity with a particular character. While section (b) does not purport to provide an exhaustive listing of proper purposes, it states that proper purposes may include proving such things as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Admitting evidence of specific conduct for a limited purpose, other than to prove character and conformity therewith, is consistent with preexisting Alabama law in both criminal and civil cases. . . . Ex parte Cofer, 440 So.2d 1121 (Ala. 1983) (dealing with intent as a purpose for admitting evidence of the accused's collateral crimes). . . ."
(First emphasis original; second emphasis added; some citations omitted.)See also Gamble v. State, 791 So.2d 409 (Ala.Crim.App. 2000); Perkins v. State, [Ms. CR-93-1931, November 19, 1999] ___ So.2d ___ (Ala.Crim.App. 1999); Presley v. State, 770 So.2d 104
(Ala.Crim.App. 1999); Hayes v. State, 717 So.2d 30, 36-37
(Ala.Crim.App. 1997); Ex parte Stripling, 694 So.2d 1281
(Ala. 1997). Therefore, under Rule 404(b), Ala. R. Evid., the State properly elicited testimony about the prior robbery to show the appellant's intent in this case. Furthermore, the trial court instructed the jury that the testimony about the prior robbery could be relevant for the limited purpose of showing the appellant's intent, but was not relevant to show his guilt or innocence. Because I believe the trial court properly admitted testimony about the prior robbery, I must respectfully dissent.