BASCHAB, Judge,
dissenting.
In Casey, the Alabama Supreme Court held that the trial court erroneously admitted into evidence Casey’s 1995 convictions for theft and fraudulent use of a credit card to show his knowledge and intent with regard to receiving stolen property charges from 2000. In that case, the supreme court held:
“The record, which contains none of the factual specifics of the defendant’s prior convictions, discloses no logical connection between his prior theft or his prior unauthorized use of a credit card and his knowledge of the presence, ownership, or stolen character of any items he was being tried for the case now before us. That is, the defendant’s mere knowledge that the property he previously had been convicted of stealing or the credit card he had previously been convicted of using without authority belonged to some other persons would not, in the absence of some evidence of connecting facts, supply the defendant with knowledge of the presence, ownership, or stolen character of items found five years later in his girlfriend’s apartment and car and would not enable him to differentiate between items there which were stolen and items there which were not stolen. In other words, the record reveals no identity or connection between what the defendant knew or learned in his prior crimes and what he knew or learned about the items in his girlfriend’s apartment or car.”
889 So.2d at 621.
In this case, the majority concludes that the trial court erroneously admitted evidence about the appellant’s “1997 conviction” [1] and that the record disclosed “no logical connection between [the appellant’s] prior conviction and the present charge.” 929 So.2d at 1045. Initially, I note that the State did not introduce evidence that the appellant had previously been convicted of possession of a controlled substance. Rather, it only introduced evidence that, in 1997, Officer Anthony Nelms came into contact with the appellant; that the appellant told Nelms that he had swallowed $200 worth of cocaine because he had seen a patrol vehicle drive by and had gotten nervous; that the appellant was transported to the hospital; that the appellant’s stomach was pumped; and that his stomach contents contained *1047 cocaine. Therefore, in this case, unlike Casey, the State did not introduce the mere fact of the appellant’s previous conviction.[2]
This case is also distinguishable from Casey because the State presented facts about the 1997 incident that connected it with the facts in the current case.
“Trial courts are vested with considerable discretion in determining whether evidence is relevant, and such a determination will not be reversed absent plain error or an abuse of discretion. Lambert v. Beverly Enterprises, Inc., 695 So.2d 44 (Ala.Civ.App.1997); see also C. Gamble, Gamble’s Alabama Rules of Evidence § 401(b). Alabama recognizes a liberal test of relevancy, which states that evidence is admissible ‘if it has any tendency to lead in logic to make the existence of the fact for which it is offered more or less probable than it would be without the evidence.’ C. Gamble, Gamble’s Alabama Evidence, § 401(b)(emphasis original).”
Hayes v. State, 717 So.2d 30, 36 (Ala.Crim.App.1997).
During the 1997 incident, the appellant admitted that he had swallowed cocaine because he had seen law enforcement officers drive past him. In this case, the State presented evidence that Parrish and Elkins were in an unmarked vehicle; that, after the appellant passed their vehicle, he sped up and turned onto Whiddon Street; that Parrish and Elkins followed the appellant and stopped him; that, although Parrish’s vehicle was not marked, it was well known; that Parrish believed that, based on the appellant’s conduct after he passed them, the appellant had recognized them and knew they were behind him; that, during that stop, the officers searched the appellant’s vehicle, but did not find any drugs; that, after the officers released the appellant and Goods, a confidential informant contacted Parrish and told him that, before the stop, he had seen the occupants of the vehicle throw out drugs while on Whiddon Street; that, pursuant to that information, Parrish and Elkins went to Whiddon Street and set up surveillance with their lights off; that, between thirty-five and forty-five minutes later, the appellant turned onto the 500 block of Whiddon Street, pulled toward the curb, and turned off the vehicle’s lights; that the passenger side door opened and an arm reached out of the door and toward the ground at the curb area; that, when Parrish and Elkins turned on their lights, the appellant started to drive away, and Parrish blocked the appellant’s vehicle; and that they subsequently found several pieces of what appeared to be crack cocaine on the street where the appellant had been parked and another piece in the passenger’s side floorboard of the appellant’s vehicle.
The evidence about the 1997 incident, when coupled with the fact that the appellant sped up and turned onto another street after he passed the officers’ vehicle and the fact that a confidential informant had seen the occupants of the appellant’s vehicle throw drugs out of the vehicle before the stop, had a tendency to show that the appellant had knowledge of the presence of the drugs in his vehicle and his intent to dispose of the drugs before the stop. Also, the evidence had a tendency to show that the appellant returned to Whid-don Street with the intent to retrieve the substance that had previously been thrown out of the vehicle and that he intended to possess the controlled substance. There *1048 fore, evidence about the 1997 incident was relevant to show the appellant’s pattern of elusive tactics of disposing of illegal substances at the approach of law enforcement officers, his knowledge of the presence of the controlled substance, and his intent to possess the controlled substance. Also, the evidence about the 1997 incident showed the sophistication in the appellant’s knowledge of the wrongfulness of having the cocaine in his possession. Although Goods presented conflicting testimony regarding the events on the night in question, the jury was not required to accept his version of events. “The weight and probative value to be given to the evidence, the credibility of the witnesses, the resolution of conflicting testimony, and inferences to be drawn from the evidence are for the jury.” Smith v. State, 698 So.2d 189, 214 (Ala.Crim.App.1996), affd, 698 So.2d 219 (Ala.1997). Because the evidence about the 1997 incident was relevant, the trial court properly admitted evidence about that incident. Further, the trial court thoroughly instructed the jury that evidence about the 1997 incident was to be used to show the appellant’s knowledge and intent and that it could not use the fact that he had previously possessed cocaine to show that he possessed cocaine in this case.
Finally, for the reasons I stated in my special concurrence in Osborn v. State, 910 So.2d 811 (Ala.Crim.App.2005), I urge the Alabama Supreme Court to revisit and to overrule or, alternatively, limit the application of Casey.
For these reasons, I respectfully dissent.

. Although, at one point during the trial, defense counsel referred to this as a 1997 conviction, the record indicates that the incident in question occurred in 1997 and that the appellant was actually convicted in 1998.

. In fact, defense counsel injected the issue of the prior conviction when he asked Nelms during cross-examination, "Did you know that, since this 1997 conviction, he has been absolutely clean?” (R. 89.)